143 So.2d 150 (1962)
Vernon Eugene DAWSON et al., Plaintiffs and Applicants,
v.
Hon. Coleman LINDSEY, Judge, etc., Respondent.
No. 5672.
Court of Appeal of Louisiana, First Circuit.
June 29, 1962.
*151 Simon & Trice by J. Minos Simon, Lafayette, for relators.
Taylor, Porter, Brooks, Fuller & Phillips, by F. W. Middleton, Jr., Baton Rouge, Durrett, Hardin, Hunter, Dameron & Fritchie, by Calvin E. Hardin, Jr., Baton Rouge, for respondents.
Before LOTTINGER, LANDRY and REID, JJ.
REID, Judge.
This matter is before the court on a writ of certiorari issued to the Honorable Coleman Lindsey, Judge of the Nineteenth Judicial District Court, Parish of East Baton Rouge. The writ was issued in conjunction with the suit of Vernon Eugene Dawson versus Dr. Ben F. Thompson Jr., et al., No. 73,182, Division B, 19th Judicial District Court.
The factual situation and the background of the writ are set forth in the written opinion of the Trial Judge as follows:
This is a medical malpractice suit. The defendants are Dr. Ben F. Thompson Jr., a Baton Rouge physician, and Parke, Davis & Company, a drug manufacturer and distributor. Plaintiffs seek to recover for the death of their infant daughter, which they allege resulted from the negligence of the defendants.
The suit was filed on January 5, 1960. Answer was filed by Parke, Davis on February 29, 1960, and by Thompson on March 1, 1960. Thereafter, on October 16, 1961 plaintiffs propounded interrogatories to the defendants, forty-seven in number to Dr. Thompson, and one hundred and two in number to Parke, Davis.
Of the forty-seven interrogatories propounded to him, Dr. Thompson answered forty-two without objection. He objected to No. 33 and in part to Nos. 35, 37, 39 and 41. Parke, Davis objected to all one hundred and two interrogatories propounded to it. The case is presently before the court on these objections.
Interrogatory No. 33 propounded to Dr. Thompson reads:
"Did the medical profession of East Baton Rouge Parish or elsewhere make a specific recommendation for the use of any of the drugs either administered by you or caused to be administered by you to said child? If so, give us the date that the said recommendation was made, the specific drug in connection with which said recommendation was made, the dosage recommended, the relative factors related to said recommendation, the ailments for which said *152 recommendation was made and the author or authors of said recommendation."
Defendant Thompson's objection to this interrogatory reads:
"Interrogatory No. 33 is objected to on the grounds that any answer thereto is, for all practical purposes, impossible and even an incomplete answer would subject any party attempting to answer same to annoyance, oppression, substantial expense, the necessity for extended and prolonged research, and the compliation of many thousands of items, extending over a long period of time. Necessarily, also, any reported attempt to answer, even if such were deemed possible, would necessarily reflect the mental impressions, conclusions, opinions and theories of experts, and/or of the party attempting to answer said interrogatory."
Interrogatories Nos. 34 and 35 read:
"What were the standard procedures of the medical profession in prescribing chloromycetin to a three months old infant at the time you prescribed this drug to plaintiffs' child in question?
"When was this procedure adopted, who inaugurated it, and was it published, you being asked to give the specific date and if it was published the specific publication and the name and address of the author, if any?"
Defendant Thompson answered No. 34 and partially answered No. 35, but objected generally to the latter for the reasons stated in his objection to No. 33.
Interrogatories 36 and 37 deal with achromycin, 38 and 39 with luminal, and 40 and 41 with penicillin. Where the word "times" is used in 34 the word "time" is used in 36, 38, and 40. Otherwise the succeeding pairs mentioned are identical with 34 and 35. Nos. 37, 39 and 41 are partially answered but objected to generally for the reasons stated in the objection to No. 33.
We feel that these objections are good, and they are sustained, the defendant Dr. Ben F. Thompson Jr., being relieved from further answering.
The objections of Parke, Davis to the one hundred and two interrogatories propounded to it are considered in the light of the applicable law and the pleadings in this suit.
Plaintiffs' only allegation of negligence on the part of Parke, Davis is found in Article XXI of their petition, which reads:
"Plaintiffs are informed, believe and aver that Parke, Davis & Company, on and before January 6, 1959 did circulate and/or caused to be circulated among medical practitioners throughout the state of Louisiana, including East Baton Rouge Parish, Louisiana, and elsewhere, in medical periodicals, pamphlets, and similar means of news dessimination (sic) and particularly in the medical periodical (sic) entitled: Physicians' Desk Reference to Pharmaceutical Specialties and Biologicals, recommended dosages of said drug to be administered to persons under the care of a medical practitioner; what the dosage recommended for infants such as your plaintiffs' infant by the said Parke, Davis & Company at the time the said drug was administered to plaintiffs' daughter was excessively dangerous, and if administered in such, dosages and at intervals recommended, under the circumstances of this case, would be fatal to said infant; that Parke, Davis & Company knew or should have known that such recommendations were in fact dangerous to the lives and safety of such infants; that the said Parke, Davis & Company was guilty of gross negligence in making and distributing or causing to be made and distributed in East Baton Rouge Parish Louisiana, to medical practitioners said dangerous recommendations and said dangerous drug." (Emphasis ours.)
*153 Allegations in preceding articles make it clear that the drug referred to in Article XXI is chloromycetin (chloramphenicol).
Parke, Davis answered Article XXI as follows:
"Respondent denies the allegations contained in paragraph XXI of said petition, except such thereof, if any, that may be hereafter especially admitted in this paragraph.
"Further answering, respondent admits that it has caused to be circulated among physicians in East Baton Rouge Parish, Louisiana, and elsewhere, booklets and other literature describing Chloromycetin and making certain recommendations respecting its dosage and administration. Respondent alleges that the said documentary information which it has caused to be distributed is not completely and correctly and wholly described in said paragraph XXI.
"Respondent specifically denies that the dosage recommended for infants such as the infant of plaintiffs by respondent, at the time the said drug was allegedly administered to plaintiffs' daughter was excessively dangerous; and respondent specifically denies that if the drug was administered in such dosages and at intervals recommended under the alleged circumstances of this case it would be fatal to the infant; and respondent specifically denies that any of its recommendations were in fact dangerous to the lives and safety of such infants; and respondent specifically denies that it was guilty of any negligence whatsoever in making and distributing or causing to be made and distributed in East Baton Rouge Parish to medical practitioners any recommendations respecting said drug."
The testimony sought to be elicited by the following interrogatories is irrelevant and inadmissible and does not appear reasonably calculated to lead to the discovery of admissible evidence:
Nos. 1 through 14, 17 through 24, 27 through 31, 33, 39, 96.
The following interrogatories seek answers which would require the production or inspection of writings reflecting the mental impressions, conclusions, opinions, or theories of experts and are, therefore, objectionable:
Nos. 25, 26, 53 through 91, 95, 97 through 102.
The following interrogatories deal with matters far removed in point of time from the alleged occurrence forming the basis for this suit, and are, therefore, objectionable:
Nos. 32, 34, 35, 36, 37, 38, 40, 41.
Interrogatories Nos. 42 through 52 are uncertain as to time particularly Exhibits P1, P2, and P3, attached to the interrogatories. It appears that dates have been obliterated on the upper right of P1 and the upper left of P2. These interrogatories are therefore objectionable.[1]
Interrogatory No. 15 is answered by Article XIX of defendant's answer to plaintiffs' petition.
There are other valid objections to the above interrogatories. In some instances the objections to one group apply with equal force to some or all of the interrogatories in another group.
Considering the nature of the interrogatories as a whole and the excessive number thereof, we feel the defendant is entitled to relief from the annoyance, embarrassment, oppression, and undue expense which would *154 be occasioned by its being required to answer them.
For the reasons assigned the defendant's objections to the above numbered interrogatories are sustained and it is relieved from answering them.
Interrogatories Nos. 16, 92, 93, 94 remain.
No. 16 inquired whether or not the defendant is the sole manufacturer of chloromycetin. Nos. 92, 93 and 94 inquire as to whether or not defendant had recommended chloromycetin for the ailments the infant allegedly had, and the dosage recommended. The court is mindful of defendant's objection that Nos. 92, 93, and 94 refer to the past five years. Plaintiffs are entitled to answers as of the date of the occurrence forming the basis for this suit.
Defendant Parke, Davis & Company, is required to answer interrogatories Nos. 16, 92, 93 and 94.
Subsequent to the signing of this judgment, the defendant, Parke, Davis & Company filed answers to the interrogatories ordered answered, namely: Interrogatories, 16, 92, 93, and 94.
On or about January 31, 1962, counsel for plaintiffs filed application for writs of certiorari, mandamus and prohibition, complaining of the order of the trial judge as set forth in the written reasons above. On February 19, 1962 this court granted the writ of certiorari.
Counsel for the applicants states that the question of law presented is whether or not the right of pre-trial discovery by written interrogatories under Article 1491 of the LSA-Code of Civil Procedure, equally with discovery by oral examination under Article 1436 of the LSA-Code of Civil Procedure, does in fact exist. The respondents concede the right of discovery by written interrogatories and by oral examination, but argue that these rights are subject to reasonable control and in the discretion of the trial court.
Counsel for the applicants concedes that there is no jurisprudence in Louisiana on the subject since the subjects are of comparatively recent origin. He relies upon decisions of the Federal Courts interpreting the Federal rules or procedure which were used as a guide for our Louisiana Discovery Statutes.
However, the Louisiana Discovery contains certain limitations which are not found in the Federal Statutes. It grants to the judge power to impose protection provisions to interrogatories propounded to parties under Article No. 1491, LSA-C.C.P. In Article 1452 we find that the law set out in the last paragraph as follows:
"The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert." (Emphasis supplied.)
There is no similar provision such as is set out above to be found in the Federal rules. Because of the important dissimilarity shown between our own statute and the Federal rule, we believe that the decisions of the Federal Courts are neither decisive nor controlling of the issue presented herein.
The respondent, Parke, Davis & Company, in its brief cites numerous authorities which do not grant very broad discretion to the District Court to control the scope of interrogatories, and to deny compulsory answers where interrogatories are unnecessary, burdensome, or filed in bad faith for *155 ulterior purposes. See Modern Federal Practice Digest, Volume 23, under the said Federal Civil Procedure, page 421, DeBruce v. Pennsylvania Railroad Co., D. C., 6 F.R.D. 403 and Porter v. Montaldo's, D.C., 71 F.Supp. 372. In this last case the District Judge made the following statements:
"It has been held that interrogatories which require research on the part of the responding party are objectionable (citing authorities). In the instant case, the defendant is to be required to conduct a most detailed research through its own records. This is no demand for simple and easily produced facts, but for a mass of information to be accumulated by the defendant for the benefit of the plaintiff.
"Many courts have held that interrogatories which are `unreasonable', `burdensome', `vexatious', `onerous', or `which impose an undue hardship' on the answering party, are objectionable (citing authorities). In the opinion of this Court, it is unreasonable to ask a defendant to perform entire, extensive accounting and auditing operations of his own books and records in order that he may prepare and present to the plaintiff, in tabulated form, or in other convenient form, every minute detail upon which the plaintiff may base his discovery of damages. That it would be burdensome, vexatious, and onerous, can not be doubted. * * *
"Interrogatories directed toward relatively minor evidentiary details, rather than important facts are objectionable. * * * This is especially true where the proposing party seeks * * * to shift the labor and expense of the preparation of his own case to his adversary, as the plaintiff here seeks to do.
"It has been held by many courts that interrogatories requiring the expression of opinion, or for conclusions, are objectionable. (Citing numerous authorities). Conclusions of law have been particularly pointed out as being excluded from the information which may be sought by interrogatories (citing authorities). It may also be pointed out that interrogatories which seek to require the responding party to make comparisons are objectionable."
We further find in Article 1452, LSA-C.C.P. at the end of the first paragraph the following:
"* * * the court may render any other order which justice required to protect the party or witness from annoyance, embarrassment, oppression, or undue expense."
We feel that this grants the Trial Judge a very broad discretion in limiting the scope of interrogatories which are to be propounded and to make such orders to protect the party to whom the interrogatories are propounded or the witness to be questioned from annoyance, embarrassment, oppression, or undue expense.
We, therefore, believe that unless there is grave and manifest error in this order issued by the Trial Judge, that such order should not be set aside by this court. We do not feel that the Judge of the lower court has abused this discretion. We therefore have come to the conclusion that the writs of certiorari, mandamus and prohibition were erroneously and improvidently issued and should be recalled.
For the foregoing reasons, it is therefore ordered that the writs of certiorari, mandamus and prohibition issued by this court be recalled and vacated; the order of the Trial Judge limiting and restricting the interrogatories be sustained, and the case remanded to the lower court for trial on the merits; cost of these writs to be borne by the applicant.
Writs recalled and case remanded.
NOTES
[1] In his brief before this court, learned counsel for plaintiff explained that the deletions mentioned by the trial court were of exhibits numbers assigned to the documents in question by a Committee of the United States Senate which conducted an investigation into the drug industry and before which committee the documents in question were introduced in evidence.