Lawrence J. DURISO, Plaintiff-Appellee, Cross-Appellant,

v.

K–MART NO. 4195, DIVISION OF S. S. KRESGE COMPANY, et al., Defendant-Appellant, Cross-Appellee.

No. 77–1026
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 28, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Gordon R. Pate, Beaumont, Tex., for defendant-appellant, cross-appellee.

Keith Griffin, Beaumont, Tex., for plaintiff-appellee, cross-appellant.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Lawrence Duriso brought this suit under 42 U.S.C. § 1983 against K–Mart Food Store No. 4195 [1] and Donald W. Cox, the store's assistant manager, alleging deprivation of his constitutionally guaranteed rights by an unlawful arrest on a petty theft charge. He also alleged malicious prosecution, but the district court directed a verdict in favor of defendants on this issue. A jury awarded Duriso $10,000 in damages, K–Mart and Cox appealed, and Duriso cross-appealed.

K–Mart and Cox contend that the district court erred in denying their motions for a new trial, directed verdict, and judgment notwithstanding the verdict because the evidence was insufficient to show either that plaintiff had been deprived of any rights cognizable under § 1983 or that K–Mart and Cox had been acting under "color of law" within the meaning of that section. Duriso argues on cross-appeal that the district court erred in directing a verdict on the malicious prosecution claim. We affirm the judgment below.

The evidence, viewed in the light most favorable to Duriso,[2] reveals the following sequence of events. On the evening of January 31, 1975, Duriso entered the K–Mart store to purchase cigarettes and grocery items. He selected several packs of cigarettes from a display rack and then proceeded cigarettes in hand, to the merchandise aisles. Cox observed Duriso take the cigarettes, and, believing him to be a possible shoplifter, followed him through the store. As Duriso looked for other items, he suddenly thought that he might not have sufficient money to cover his intended purchases. He placed the cigarettes on a shelf and checked the amount of cash in his money belt. Cox, assuming that Duriso was attempting to hide the cigarettes on his person, went to get the store manager. Meanwhile, Duriso, who had determined that he lacked the necessary funds, left the cigarettes on the shelf and walked out of the store. Cox stopped him and accused him of taking merchandise from the store without paying for it. The store manager directed that the police be called, and Duriso voluntarily accompanied the men back inside the store. The police arrived in a matter of moments and promptly searched Duriso for weapons. Neither that search nor a subsequent search revealed weapons or stolen merchandise. Duriso was placed under arrest and charged with petty theft after a complaint form was

1. The store, located in Beaumont, Texas, is a division of S.S. Kresge Company.

2. *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969); *Sulmeyer v. Coca-Cola Co.*, 515 F.2d 835 (5th Cir. 1975), *cert. denied*, 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 341 (1976).

signed by Cox.[3] The charge was subsequently dismissed due to the failure of K–Mart employees to testify.

■ Our review of the record convinces us that the trial judge did not err in his rulings on appellants' motions. If the evidence, viewed in the light most favorable to the non-moving party, is such that reasonable men could not arrive at a contrary verdict, granting a motion for directed verdict or judgment n. o. v. is proper; otherwise, the decision is in the hands of the jury. *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969). On appeal, this Court utilizes the same standards. *Sulmeyer v. Coca-Cola Co.*, 515 F.2d 835 (5th Cir. 1975), *cert. denied*, 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 341 (1976).[4]

■ In order to recover under § 1983, a plaintiff must establish both deprivation of a right secured by the federal Constitution or laws and action by defendant under color of state law. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). An individual's right to be free from unlawful arrest is such a protected right, the violation of which may be grounds for a suit under § 1983. *Lamb v. Cartwright*, 393 F.Supp. 1081 (E.D.Tex.), *aff'd without opinion*, 524 F.2d 238 (5th Cir. 1975). *See also Reeves v. City of Jackson*, 532 F.2d 491 (5th Cir. 1976); *Nesmith v. Alford*, 318 F.2d 110 (5th Cir. 1963), *cert. denied*, 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964). Duriso was taken into police custody and charged with petty theft, despite the fact that no stolen merchandise was found on his person. Subsequent to the searches conducted by police, there was no probable cause to believe that Duriso was a shoplifter.

■ Regarding the "under color of state law" requirement, this Court has held that a detention by store employees is under color of state law if it is demonstrated that the store employees and the police were acting in concert and that the store and the police had a customary plan which resulted in the detention. *Smith v. Brookshire Brothers, Inc.*, 519 F.2d 93 (5th Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976). Duriso testified that a police officer asked the store manager to sign a "non-consent form," which recites that the person named therein was not given permission to remove items from the store without payment and that the store requests the filing of criminal charges against the individual. According to the store manager, the store's policy was to use this form to file criminal charges against an apprehended shoplifter in situations where the police had been summoned. After the store manager refused to sign the form,[5] the police officer gave it to Cox. There is no direct evidence that Cox signed the form—Duriso's file at the police station contained no such form, and Cox denied having signed one. However, the police did take Duriso into custody, and police officers testified that it was standard departmental policy to require that a store employee state that charges would be filed against a shoplifting suspect before police would make the arrest. Moreover, the senior deputy clerk of the municipal court testified that she would not have signed the criminal complaint against Duriso without having first received a non-consent form. This testimo-

**3.** This form, called a "non-consent" form, states that the store did not grant permission for a given individual to remove any merchandise from the premises without payment. It also requests that charges be filed against the named individual.

**4.** The decision of the trial judge to deny a motion for new trial is reviewable only for an abuse of discretion, absent timely motions for directed verdict or judgment n. o. v. *Harris v. Chanclor*, 537 F.2d 203 (5th Cir. 1976). A denial of the motion will normally be reversed only when there is an "absolute absence" of evi-

dence to support the verdict. *Little v. Bankers Life & Casualty Co.*, 426 F.2d 509 (5th Cir. 1970). Because motions for directed verdict and judgment n. o. v. were timely filed, however, we must apply the stricter standards regarding sufficiency of the evidence. This standard obviously subsumes the "absolute absence of evidence" guideline applicable when only a motion for new trial is involved.

**5.** According to Duriso's testimony, the store manager refused because he did not see the alleged shoplifting take place.

ny constitutes sufficient evidence to present the question to the jury, and it is not unreasonable for them to have inferred that Cox had signed the form. The testimony was also sufficient for the jury to have concluded that a "customary plan" existed between the K–Mart store and the police regarding alleged shoplifters. Although the evidence is conflicting and different inferences may be drawn, it is the function of the jury to weigh the evidence, draw the inferences, and determine the credibility of the witnesses. *Boeing Co. v. Shipman, supra.* The possibility that other inferences and conclusions may be reasonably drawn is irrelevant.

Duriso seeks to appeal from the district court's granting of defendants' motion for directed verdict on the malicious prosecution claim. Our consideration of this issue is precluded by Duriso's failure to file a timely notice of cross-appeal. Rule 4(a), F.R.A.P.

AFFIRMED.