**Theresa JONES, Plaintiff,**

v.

**SEARS, ROEBUCK & CO., Ned Smith, H. E. Bailey, G. A. Hamilton and Janice F. Brown, Defendants.**

**Civ. A. No. 178–187.**

United States District Court, S. D. Georgia, Augusta Division.

Aug. 27, 1980.

---

**320**

John D. Watkins, Augusta, Ga., for plaintiff.

Stephen E. Shepard and Samuel F. Maguire, Augusta, Ga., for defendant Bailey.

David B. Bell, Augusta, Ga., for defendant Ned Smith.

Robert C. Norman, Augusta, Ga., for defendant Sears.

### ORDER

BOWEN, District Judge.

This is an action alleging violation of plaintiff's civil rights under 42 U.S.C. §§ 1981 and 1983. Plaintiff contends that defendant Smith, agent of Sears, Roebuck & Company, detained her illegally and conspired with the remaining defendants, members of the Augusta Police Department, to arrest her on false charges. She also contends that during the course of her unlawful detention and arrest, defendants assaulted her.

Presently before the Court are two motions for summary judgment. One is made on behalf of Sears and its agent, and the other on behalf of defendant police officers. Plaintiff's counsel failed to file a response to defendants' motions in accordance with Local Rule 6.2. Under this rule, such a failure indicates that the motions are not opposed. Summary judgment is a device which can lead to drastic results however, and this Court is not inclined to deprive plaintiff of her right to litigate because of her counsel's dereliction.

■ All defendants argue that plaintiff's arrest cannot provide the basis of a § 1983 action because she was subsequently convicted of the offense for which she was arrested. This argument is compelling in part. An arrest must be viewed as proper and lawful when followed by a conviction. *Alexander v. Emerson,* 489 F.2d 285 (5th Cir. 1973). *Shank v. Spruill,* 406 F.2d 756 (5th Cir. 1969). Plaintiff was arrested for disorderly conduct by defendant police officers at Sears. She was convicted in Recorder's Court and the conviction was not appealed in the manner prescribed by law. These facts are clearly shown by the record. The Court agrees that as a matter of law, plaintiff cannot assert a claim of false arrest against any of the defendants.

■ False arrest is only one of plaintiff's allegations. Plaintiff contends that while shopping in Sears, she was unlawfully detained by the store's security agents. It is undisputed that she was approached by Sears' personnel and told that she was suspected of shoplifting. Subsequently, the Augusta police were summoned. Whether plaintiff was detained unlawfully by Sears prior to the arrival of the police is a question suitable for a state tort action. Plaintiff has not alleged that Sears acted in concert with the police prior to their arrival. Thus, any illegal detention of plaintiff by Sears alone was not action under color of state law and cannot be asserted as a violation of § 1983. *White v. Scrivner Corp.,* 594 F.2d 140 (5th Cir. 1979). *Smith v. Brookshire Brothers, Inc.,* 519 F.2d 93 (5th Cir. 1975).

■ If plaintiff was detained without probable cause after the police arrived, she may have a § 1983 cause of action. *Whirl v. Kern,* 407 F.2d 781 (5th Cir. 1969). The record indicates that prior to the arrival of the police, Sears' security agents had determined that plaintiff had not shoplifted. Plaintiff had left Sears' security offices and discovered that her companion's car was no longer in the store's parking lot. She had returned to the store to make a telephone call when the police arrived. She was questioned again by defendant Smith and by the police. In the resulting exchange, she was arrested for disorderly conduct. Her unappealed conviction for this offense prevents

her from questioning the probable cause for her arrest. There remains a question of fact, however, as to whether there was probable cause for the police to detain and question her in the first place. Moreover, if after her return to the store, plaintiff was illegally detained as a result of collusion between Sears' personnel and the defendant police, a conspiracy action may be maintained under § 1983. *See Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978), *Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976), *Croy v. Skinner*, 410 F.Supp. 117 (D.C.Ga.1976).

 The final issue presented by the complaint is that of assault. Plaintiff alleges that defendants forcibly took her infant from her arms, jerked her and pulled her hair. Defendants argue that the facts underlying the claim of assault were litigated when plaintiff was convicted of disorderly conduct, and that she is now estopped from relitigating them. Collateral estoppel extends only to questions distinctly put in issue and directly determined by the previous proceeding, however. *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1950). In Georgia, an arrest for disorderly conduct may be made for many reasons. The transcript of the state court trial does not reveal the particular section of the statute plaintiff was found to have violated. There was testimony concerning physical confrontation between plaintiff and defendants, but plaintiff was not found guilty of assault. There is a question of fact as to whether plaintiff's conduct necessitated the degree of force used by defendants.

Although plaintiff's conviction establishes her arrest as lawful, even a lawful arrest may be accompanied by the use of excessive force. *Williams v. Liberty*, 461 F.2d 325 (7th Cir. 1972). Defendants contend that excessive force was not used because there is no evidence of physical injury. This argument is more apposite in an ordinary tort case than in one involving deprivation of constitutional rights. This is not to say that proof of physical injury is unimportant, but the extent of an injury cannot serve to measure unconstitutional activity.

The Third Circuit has observed ". . . not every application of force by a police officer . . . offends the law or the Constitution. But where the application of that force exceeds that which is reasonable and necessary under the circumstances . . such conduct clearly extends beyond the pale." *Howell v. Cataldi*, 464 F.2d 272 at 282 (3rd Cir. 1972).

Defendants' motions for summary judgment can be granted only upon the issue of false arrest. The law is clear; this Court must accept plaintiff's arrest as legal. The questions of conspiracy, probable cause to detain, and excessive force remain. These questions of fact will undoubtedly evoke conflicting testimony. Their answers will depend upon the testimony and credibility of the witnesses at a jury trial.

Accordingly, partial summary judgment is granted in favor of defendants.