**Beverly M. DAVIS, Plaintiff,**

v.

**CARSON PIRIE SCOTT & COMPANY, et al., Defendants.**

No. 81 C 4494.

United States District Court, N. D. Illinois, E. D.

Jan. 28, 1982.

---

Jerome Rotenberg, Walter Soroka, Chicago, Ill., for plaintiff.

Thomas J. Keevers, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Beverly M. Davis ("Davis") sues Carson Pirie Scott & Company ("Carson's") and its employee David Chimino ("Chimino") for injuries arising from an allegedly unlawful arrest. Defendants have moved to dismiss. For the reasons stated in this memorandum opinion and order their motion is granted.

### Facts[1]

On September 18, 1980 Davis was on the premises of Carson's Evergreen Park store.

---

1. Defendants label their motion as brought under Fed.R.Civ.P. ("Rule") 12(b)(1). In fact the

Defendants, allegedly without probable cause, detained Davis and accused her of shoplifting. Davis was then arrested and taken into custody by Evergreen Park Police.[2] On November 14, 1980 all criminal charges arising from the incident were dismissed.

### Davis' Theories of Recovery

■ Davis alleges violations of 42 U.S.C. § 1983 ("Section 1983") and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution. Both Carson's and Chimino are private parties not holding any governmental or official position. For Davis to maintain an action under any of the provisions, she must plead facts that adequately demonstrate defendants acted under color of state law.[3] Davis asserts a number of theories in that respect—none successfully.

### 1. Retail Theft Act

■ First Davis seeks to rely on the Illinois Retail Theft Act (the "Act"), Ill.Rev. Stat. ch. 38, § 16A–5:

> Any merchant who has reasonable grounds to believe that a person has committed retail theft may detain such person, on or off the premises of a retail mercantile establishment, in a reasonable manner and for a reasonable length of time for all or any of the following purposes:
>
> (a) to request identification;

(b) to verify such identification;

(c) to make reasonable inquiry as to whether such person has in his possession unpurchased merchandise and, to make reasonable investigation of the ownership of such merchandise;

(d) to inform a police officer of the detention of the person and surrender that person to the custody of a police officer.

Case law is clear that such a statute, standing alone, does not convert private parties' conduct under its authority into state action. All arguments that state-enacted self-help provisions automatically clothe private actors with state authority were definitively scotched in *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). State action based on such retail theft statutes, without more, has been rejected by several courts. *Warren v. Cummings*, 303 F.Supp. 803 (D.C.Colo.1969); *Weyandt v. Mason's Stores, Inc.*, 279 F.Supp. 283, 286–88 (W.D.Pa.1968); see this Court's opinion in *Jenkins v. White Castle Systems, Inc.*, 510 F.Supp. 981 (N.D.Ill.1981) (licensing of a store detective by statute did not make for state action). Thus the fact that defendants' action was authorized by the Act is not sufficient to ground a federal claim.[4]

### 2. Customary Pre-Existing Plan

■ Several courts[5] have found state action under retail theft statutes when "private security guards act in concert with

---

asserted grounds for the Complaint, as hereafter outlined, are within this Court's subject matter jurisdiction. Defendants' claim is rather that the Complaint's allegations do not support those grounds—really a Rule 12(b)(6) motion. Whatever the basis for the motion, the Complaint's allegations are taken as true.

2. Complaint ¶ 8 alleges defendants initially accused Davis of shoplifting. Complaint ¶ 12 alleges defendants thereafter signed a complaint charging Davis with *battery*. That difference renders problematic Davis' ability factually to support any claim other than one based solely on the Illinois Retail Theft Act. This opinion cannot however rely on such possible factual difficulties.

3. As to the constitutional claims Davis cites 28 U.S.C. § 1343 ("Section 1343") as conferring jurisdiction. While there are some minor differences between Section 1983 and Section 1343, they involve virtually identical requirements for stating a cause of action. *Gresham Park Community Organization v. Howell*, 652 F.2d 1227, 1237 (5th Cir. 1981).

4. Indeed the General Assembly distinguished such private action from official conduct, Ill. Rev.Stat. ch. 38, § 16A–6:

> A detention as permitted in this Article does not constitute an arrest or an unlawful restraint, as defined in Section 10–3 of this Code, nor shall it render the merchant liable to the person so detained.

5. Though our Court of Appeals has not spoken to the point discussed in this section, this Court will assume for purposes of discussion that the doctrine is a sound application of the principles of *Burton v. Wilmington Parking Authority*,

police officers or pursuant to customary procedures agreed to by police departments...." *El Fundi v. Deroche*, 625 F.2d 195, 196 (8th Cir. 1980). However, mere arrest after detention by store detectives will not suffice under that theory. *White v. Scrivner Corp.*, 594 F.2d 140, 143–44 (5th Cir. 1979). There must be some evidence of a pre-existing plan between police and store officials.

For example, state action was found in *Smith v. Brookshire Brothers, Inc.*, 519 F.2d 93 (5th Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976) because police officers arrested a shoplifter detained by store detectives (1) without conducting an independent investigation, (2) without the filing of a valid complaint and (3) pursuant to a preconceived plan. Similarly, *Duriso v. K-Mart No. 4195, Division of S.S. Kresge Co.*, 559 F.2d 1274 (5th Cir. 1977) reached the same result where police arrested a shoplifter detained by store officials even though a police search and investigation revealed no evidence of shoplifting.[6]

On that score Davis' memorandum opposing defendants' brief says:

> [D]efendants' acts in detaining plaintiff and turning her over to officers of a governmental body were done pursuant to the customary practice between merchants and the Evergreen Park Police in handling detained persons accused of shoplifting.

But counsel's arguments are not pleadings, and the Complaint's allegations do not justify that characterization:

> 5. That at all times relevant hereto the defendants, and each of them, were acting under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Illinois, of the Village of Evergreen Park and the County of Cook, Illinois.

> \*   \*   \*   \*   \*   \*

> 13. That thereafter, the Defendant Carson's, by and through its agents and em-

ployees, caused the plaintiff to be arrested and taken into custody by certain unknown police officers of Evergreen Park.

Such allegations are plainly insufficient. Paragraph 5 is conclusory boilerplate as to private parties assertedly acting under color of law. At least in this context a Section 1983 (or Section 1343) complaint must state some factual predicate for that conclusion. Similarly Paragraph 13 alleges only that defendants "caused" the arrest. Yet every eyewitness who reports a crime and. identifies a suspect "causes" an arrest. Something more must be alleged to come within *Smith* and *Duriso*.

■ Even were the Complaint amended to track counsel's memorandum, the result would be no different. "Customary practice" does not equate with "under color of law." It is the *content* of that practice that determines whether state action is involved. Thus a "customary practice" of police investigation following private complaints clearly does not make the private complainant a state actor. *White*, 594 F.2d at 143–44. And so allegation akin to the memorandum statement is too vague to ground federal jurisdiction.

### 3. *Special Police Officer*

Complaint ¶ 4 alleges:

> That at all times relevant herein the Defendant David Chimino was an agent, servant and employee of the Defendant Carson's and is also believed to be a special police officer of the Village of Evergreen Park.

It is of course possible that a police officer, or special police officer, may act under color of state law while off duty. But it is equally obvious that not every act by a police officer is under color of state law. See such cases as *United States v. McGreevy*, 652 F.2d 849, 951 (9th Cir. 1981) (police officer who also worked for Federal Express did not act under state law when opening a package in the latter capacity);

---

365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961) and its progeny.

**6.** Necessity that a pre-existing plan be proved (or in this case properly alleged) is underscored

by the fact that the *Smith-Duriso* decisions were distinguished on precisely that ground by the same Court's later decision in *White*.

*Norton v. Liddel*, 620 F.2d 1375, 1379–80 (10th Cir. 1980); *Davis v. Murphy*, 559 F.2d 1098, 1101 (7th Cir. 1977).

Indeed the Supreme Court has addressed a strikingly similar question in *Williams v. United States*, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951). It held a "special police officer's" actions under color of law *because* (1) he worked with a policeman, (2) he went about flashing his badge (issued by the city) and (3) the investigation was conducted under the aegis of the State.

■ Again there is no one-to-one correlation between special police officer status and state action. Some adequate plus factor must be pleaded. On the present allegations such is not the case.[7]

### Conclusion

Though the Act alone does not confer federal jurisdiction, Davis has hinted at two possible bases for a claim. Defendants' motion to dismiss is therefore granted without prejudice. If Davis were to seek leave to replead, the Court trusts counsel will be mindful of the responsibilities imposed by Rule 11.

---

**7.** If Chimino's special police officer status, properly supplemented, were the predicate for federal jurisdiction, that would not of itself support a federal claim against *Carson's*.