Linda **CHUMBLEY** and Joseph Chumbley, Plaintiffs,

v.

Gary M. **GASHINSKI**, Christopher Plumlee, and Lifefleet Southeast, Inc., a corporation doing business as Sunstar, Defendants.

No. 97–1645–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Nov. 19, 1997.

Lawrence Klepetko, Sarasota, FL, for Plaintiffs.

D. James Kadyk, MacFarlane, Ferguson & McMullen, Tampa, FL, for Defendants.

### ORDER ON MOTION TO DISMISS COUNTS I AND II OF COMPLAINT

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions and memoranda of law:

Dkt. 3 Motion to Dismiss

Dkt. 4 Memorandum of Law

Dkt. 6 Response

### FACTS

This matter arises out of Plaintiffs' suit which alleges deprivation of civil rights under 42 U.S.C. § 1983, loss of consortium, and accompanying damages (Counts I and II) (Dkt.1). Plaintiff LINDA CHUMBLEY alleges that on February 11, 1994, her Fourteenth Amendment rights were violated when she was kidnapped, sexually assaulted, and raped by Defendants GARY GASHINSKI and CHRISTOPHER PLUMLEE, employees of Defendant LIFEFLEET(Dkt. 1 at ¶ 9). LINDA CHUMBLEY also alleges that the "Defendants acted under color of the law of the State of Florida by ... responding to emergency telephone calls under the '911'

emergency system and in providing emergency medical services ..." (Dkt. at ¶ 12). There is no allegation, however, that Defendant LIFEFLEET's actions or procedure caused the attack (Dkt. 1 at ¶ 9dd).

In Count III, Plaintiff JOSEPH CHUMBLEY alleges a civil cause of action for loss of consortium based on Counts I and III (Dkt. 1 at ¶¶ 28–33). Plaintiffs also allege that Defendants are liable to them for compensatory damages, punitive damages, attorney's fees, and costs (Dkt.1).

If the Plaintiffs' allegations are taken as true, as required when reviewing a motion to dismiss, then the relevant facts are as follows: 1) Defendant LIFEFLEET, in conjunction with the local 911 service, was operating under the procedures developed under State and Pinellas County authority at all relevant times (Dkt. 1 at ¶ 9p); 2) the ambulance involved was owned by the Pinellas County Emergency Medical Services Authority (PCEMSA), a "special taxing district" established under State and County laws (Dkt. 1 at ¶ 9s); 3) Defendants PLUMLEE and GASHINSKI conspired to "alter[ ] official government[ ] records ... for purposes of" subterfuge (Dkt. 1 at ¶ 9t); and 4) but for the State and county managed 911 emergency system and ambulance service, Defendants GASHINSKI and PLUMLEE would not have had the opportunity to carry out the assault (Dkt. 1 at ¶ 9dd).

On July 7, 1997, Defendants responded to these allegations by filing a motion to dismiss for failure to state a claim, arguing that Plaintiffs' allegations were not sufficient to show state action as required under 42 U.S.C. § 1983 (Dkts. 3 & 4).

## STANDARD OF REVIEW

■ A complaint should not be dismissed unless "it appears beyond a doubt that the plaintiff can prove no set of facts" entitling the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A plaintiff must allege sufficient facts in the "four corners" of the complaint to allow the court to discern a colorable claim. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232, 233 (M.D.Fla. 1995). The reviewing court will accept the plaintiff's pleadings as true and construe the complaint in the light most favorable to the

plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Dismissal, then, is proper only when no construction of the complaint's factual allegations supports a cause of action. *See Executive 100, Inc., v. Martin County,* 922 F.2d 1536, 1539 (11th Cir.1991).

## DISCUSSION

■ As an initial matter, Defendants argue that Defendant LIFEFLEET may not be held liable to Plaintiff because 42 U.S.C. § 1983 does not provide for respondeat superior or vicarious liability (Dkt. 4 at p. 2). Plaintiff answers that LIFEFLEET is civilly "liable to plaintiffs under 'four-square' Florida case law. ...." (Dkt. 6 at p. 2) (citing *Nazareth v. Herndon Ambulance Service, Inc.,* 467 So.2d 1076 (Fla. 5th DCA 1985)). The Court agrees with Defendant. The United States Supreme Court and the Eleventh Circuit clearly prohibit recovery on a § 1983 action under respondeat superior and vicarious theories of liability. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Harvey v. Harvey,* 949 F.2d 1127 (11th Cir.1992).

■ Plaintiffs may have a state law civil claim against LIFEFLEET which may be joined to a proper § 1983 action under this Court's 28 U.S.C. § 1367 supplemental jurisdiction. *See* 28 U.S.C. § 1367 (1997) (providing that "the district courts shall have supplemental jurisdiction over all other claims that are ... part of the same case or controversy ..."). This state claim, however, must be joined with a claim over which the Court has original jurisdiction. *See id.* Because this Court ultimately finds that Plaintiffs have not adequately pled their federal § 1983 action, Defendants' motion to dismiss will be GRANTED as to any vicarious liability claim arising out of State law.

Defendants' Motion to Dismiss is primarily based on the argument that Plaintiffs have not sufficiently alleged the requisite "action taken under color of state law" for their § 1983 action (Dkt. 4 at p. 2–8). Defendants concede that Plaintiffs' complaint adequately demonstrates a violation of Mrs. CHUMBLEY's constitutional rights, but point out that Plaintiffs' complaint recognizes that De-

fendant LIFEFLEET is a private entity (Dkt. 4 at p. 3).

▪ A properly pled § 1983 action must demonstrate that the injurious conduct: 1) was committed by a person acting under color of state law, and 2) deprived the plaintiff of her constitutional or statutory rights, privileges, or immunities. *See Flagg Brothers, Inc., v. Brooks,* 436 U.S. 149, 156–57, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). Generally speaking, a showing of state action requires that the conduct complained of be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). More specifically, the conduct must arise out of direct state action, either by the exercise of state power, or imposition of a rule of conduct by the state or a person for whom the state is responsible, and the offending actor must be "fairly said to be a state actor." *Lugar,* 457 U.S. at 937, 102 S.Ct. at 2753.

▪ Plaintiffs' Complaint admits that Defendant LIFEFLEET is a private entity (Dkt. 1 at ¶ 7). Because § 1983 requires that the action complained of be state action, private entities are viewed as state actors only in very narrow circumstances. *See Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992). Under Eleventh Circuit precedent, three tests are used to establish that a private entity has engaged in state action. *See id.* (citing *NBC v. Communication Workers of America, AFL–CIO,* 860 F.2d 1022, 1026 (11th Cir.1988)). An application of these tests to Plaintiffs' allegations, with the allegations taken in the light most favorable to Plaintiffs, does not support the conclusion that Defendants were acting in the capacity or on behalf of the State of Florida or any subdivision thereof.

▪ First, the state compulsion test determines whether the state, by rule, statute, or compulsion, causes the private entity to commit the offending act. *See Harvey,* 949 F.2d at 1130. Defendants correctly point out that no "statute, code, or rule of law within the state of Florida compelled or encouraged the sexual abuse alleged in the Complaint." (Dkt. 4 at p. 5). Further, Plaintiffs' complaint is devoid of any such

allegation. Plaintiffs' Complaint does not succeed under this test.

▪ Second, the public function test holds that state action may be established when a private entity acts in the capacity of the state by engaging in an activity that has "traditionally [been] the exclusive prerogative of the State.'" *See id.* at 1131 (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 353, 95 S.Ct. 449, 455, 42 L.Ed.2d 477 (1974)). The United States Supreme Court has noted that very few activities are traditionally and exclusively reserved to the states. *See Harvey,* 949 F.2d at 1131 (citing *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 158–59, 98 S.Ct. 1729, 1734–35, 56 L.Ed.2d 185 (1978); *White v. Scrivner Corp.,* 594 F.2d 140, 142 (5th Cir.1979)). In *Harvey,* the Eleventh Circuit was "unwilling to categorize" state involuntary commitment proceedings as a public function even though the private entity involved was governed, licensed, and regulated under state statute. *See Harvey,* 949 F.2d at 1131–32.

▪ Plaintiffs in this case allege that: 1) the equipment and ambulance used to transport LINDA CHUMBLEY was owned by the PCEMSA, "a special taxing district" established under State law; and 2) that Defendants were licensed and regulated by the PCEMSA (Dkt. 1 at ¶¶ 9o–9r). Under *Harvey,* though, these allegations are insufficient to establish that Defendants were engaged in an activity, namely emergency medical transport, that is traditionally reserved the State of Florida. There has been no demonstration that emergency medical services have traditionally been provided by the State as required by the public function test. Consequently, Plaintiffs have not established that Defendants were state actors under the public function test.

▪ Finally, the nexus/joint action test looks to circumstances where the private entity and the state are so intertwined as to become joint participants in the offending act or activity. *See Harvey,* 949 F.2d at 1130, 1132–33. As already mentioned, even if Defendant LIFEFLEET is licensed and regulated by a State entity, such regulation and licensing alone are insufficient to demon-

**1410**

strate the required nexus or joint action. *See id.* at 1132 (citing *San Francisco Arts & Athletics, Inc. v. Olympic Committee,* 483 U.S. 522, 544, 107 S.Ct. 2971, 2985, 97 L.Ed.2d 427 (1987); *Cobb v. Georgia Power Co.,* 757 F.2d 1248, 1250–51 (11th Cir.1985)). Further, the United States Supreme Court has held that a private rehabilitative center that contracted and received ninety percent of its funding from the state was not a state actor under the nexus test. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). *See also Greco v. Orange Memorial Hospital Corp.,* 513 F.2d 873 (5th Cir.1975)(holding that defendant hospital was not a state actor despite operating on land leased from the county). Although LIFEFLEET was licensed and regulated by the State, the ambulance in question was owned by a local taxing district, and local 911 service is a State service, the Court finds that these facts do not establish state action when examined under precedential decisions which bind this Court.

Plaintiffs' allegations, when taken in the light most favorable to Plaintiffs, do not sufficiently demonstrate state action in this case. As a matter of law, Plaintiffs' complaint does not establish state action under any of the "state action" tests established under controlling precedent. The Court must **DISMISS** Counts I and II of Plaintiffs' complaint without prejudice. Accordingly, it is

**ORDERED** that Third–Party Defendants' Motion to Dismiss is **GRANTED** without prejudice. Plaintiff may file an Amended Complaint within ten days of the date of this Order. If no Amended Complaint is filed, the Court will enter a final judgment in favor of Defendants at that time.