[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10153
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-01723-ACC-GJK

MARIAM MALONE COLETTE MARTINEZ,

Plaintiff-Appellant,

versus

ASHTIN LEASING, INC.,
ASHLEY HOREN UNDERWOOD,
ACE METRO CAB COMPANY,
d.b.a. Quick Cab Company,
BRUISSET PREVALON,
ACE CAB COMPANY DISPATCHER/SUPERVISOR,
on the night of (29 Aug 2008),

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 15, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Mariam Malone Colette Martinez, proceeding *pro se*, appeals the *sua sponte* dismissal of her civil rights action for failure to state a claim. Martinez's amended complaint alleged violations of 42 U.S.C. §§ 1981, 1983, and 1985, as well as state tort violations. On appeal, Martinez argues that the district court improperly dismissed her § 1983 claim because she alleged sufficient facts to establish that the defendants used the aid of state law enforcement officers to violate her constitutional rights. She has abandoned her § 1981, § 1985, and state tort claims by failing to challenge their dismissal in her appellate brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

A district court shall dismiss a case proceeding *in forma pauperis* at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim *de novo*. *Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001). Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Fed. R. Civ. P. 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). In order to "survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. __, __, 129 S.Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). We liberally construe *pro se* briefs and pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

In an action for relief under § 1983, plaintiffs "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003) (quotation and citation omitted). Further, in order for liability under § 1983 to be imposed, the plaintiff must establish proof of an affirmative causal connection between a defendant acting under color of state law and the constitutional deprivation alleged. *Troupe v. Sarasota County*, 419 F.3d 1160, 1165 (11th Cir. 2005). A warrantless arrest without probable cause violates the Constitution and provides a basis for a § 1983 claim, as does continuing detention which rises to the level of malicious prosecution. *See, e.g., Case v. Eslinger*, 555 F.3d 1317, 1327–28 (11th Cir. 2009) (false arrest); *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (malicious prosecution).

3

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family*, 344 F.3d at 1277. We recognize three tests for establishing whether the actions of a private entity are properly attributed to the state: the public function test, the state compulsion test, and the nexus/joint action test. *Id.* The public function test is satisfied when private actors perform a function that is "traditionally the exclusive prerogative of the state." *Id.* (citation and quotation omitted). The state compulsion test is met when the government has coerced or at least significantly encouraged the acts alleged to be unconstitutional. *Focus on the Family*, 344 F.3d at 1277. The nexus/joint action test is met when the state and the private party are in such a position of interdependence that the alleged conduct constitutes a joint action. *Id.*

In considering Martinez's complaint, the district court properly concluded that Martinez failed to state an actionable § 1983 claim because she did not allege facts that establish state action by any of the named defendants. As we have previously held, the mere act of reporting a suspected crime to the police is insufficient to establish state action for purposes of a false arrest claim under § 1983. *White v. Scrivner Corp.*, 594 F.2d 140, 142 (5th Cir. 1979) (dismissing a § 1983 claim against a store that detained a suspected shoplifter, searched her

4

purse, and then reported a concealed firearm to the police).[1]  Plaintiff did not name the City of Orlando or any of the Orlando police officers who participated in her arrest as defendants.  It is possible that had she done so she would have stated a valid claim, although it is difficult to tell from the record.  However, as she did not, the district court correctly found that the complaint did not allege a plausible § 1983 claim against any named defendant and dismissal was thus proper under § 1915(e)(2)(B)(ii).

Upon careful review of the record and consideration of the Martinez's brief, we affirm.

**AFFIRMED.**

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.