Carolina HERNANDEZ,
Plaintiff-Appellant,

v.

SCHWEGMANN BROTHERS GIANT
SUPERMARKETS, INC., et al.,
Defendants-Appellees.

No. 81-3382
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 22, 1982.

Michael H. Ellis, John J. Gillon, Jr., New Orleans, La., for plaintiff-appellant.

C. Monk Simons, III, New Orleans, La., for defendants-appellees.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

The district court granted a directed verdict against the plaintiff in this action under 42 U.S.C. § 1983 because it concluded that the plaintiff had presented no evidence that the defendant's conduct was "state action." We affirm.

Security officers in defendant's store detained plaintiff because they suspected her of shoplifting. A police officer was called; he arrested plaintiff and took her to the police station for booking. The shoplifting charges were subsequently dropped because no representative of the store appeared for the criminal trial.

Plaintiff's contention that defendant's conduct was state action because de-

judgment. We have ignored the comment; it does not influence the decision we reach.

fendant was performing a function "exclusively reserved to the state" and was detaining her pursuant to La.Code Crim.P. Ann. art. 215 (West Supp.1982) are foreclosed by our decision in *White v. Scrivner Corp.*, 594 F.2d 140, 142–43 (5th Cir. 1979). In order to establish the requisite state action, plaintiff had to prove a "customary" or "pre-existing" arrangement between defendant and the police for detaining suspected shoplifters. *White v. Scrivner Corp.*, 594 F.2d at 143; *Smith v. Brookshire Bros.*, 519 F.2d 93, 94 (5th Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976).

Plaintiff presented absolutely no evidence of such an arrangement. Plaintiff's own evidence demonstrated that defendant's employees called the police. Defendant's assistant chief of security, called as an adverse witness, testified that the police officer made his own investigation of the incident: the officer interviewed defendant's employees and plaintiff, wrote out his own report, and made his own determination concerning arrest. Plaintiff herself admitted that the police officer asked her questions. Plaintiff's only other witness on this issue, the arresting police officer, had no independent recollection of the arrest, but he testified that it had been his custom and he had understood it to be his duty to make an independent determination whether there was cause to arrest. He also testified that he customarily wrote out his own report of the shoplifting incident.

▮ Plaintiff argues that there was evidence of an arrangement with the police

because the police officer relied on a report prepared by defendant. Unless he were an eye-witness, a police officer could not make any arrest if he could not rely on information provided by citizens who witnessed the events. Such reliance does not convert the informing party into a state actor. Plaintiff's reliance on *Smith v. Brookshire Bros.*, *supra*, is thus misplaced. The vice in *Smith* was that the police, pursuant to a "preconceived plan," would arrest any person merely because he was designated for arrest by the store owner. *See* 519 F.2d at 94–95; *see also Duriso v. K-Mart*, 559 F.2d 1274, 1277–78 (5th Cir. 1977). There was no similar abdication of state authority shown here; the uncontradicted evidence was that the police officer made his own determination of cause to arrest. *See White v. Scrivner*, 594 F.2d at 143–44.

Thus, there was no "substantial evidence opposed to the motion[ ]" for directed verdict, *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc); there was no evidence opposed to the motion at all.* The judgment of the district court is

AFFIRMED.

---

* The district court characterized its action as dismissal for lack of jurisdiction. *Compare Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.) (state action is a jurisdictional requirement for suit under 42 U.S.C. § 1983), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980), *with Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir.) (when jurisdictional requirement is also an element of plaintiff's claim, case should not be dismissed for lack of jurisdiction unless it appears from the *pleadings* that the claim is wholly insubstantial or frivolous), *cert. denied*, —— U.S. ——, 102

S.Ct. 396, 70 L.Ed.2d 212 (1981). If the issue for the court's determination were truly a question of jurisdiction, then our standard of review of the district court's determination would be merely the "clearly erroneous" standard. *See Williamson*, 645 F.2d at 413. Since the district court's action easily passes the much more demanding *Boeing* standard, however, we need not and do not decide whether any lesser standard of review would be appropriate. *Cf. Duriso*, 559 F.2d at 1278 (applying *Boeing* standard to uphold jury finding of state action).