**Debra LOMAX, Plaintiff,**

v.

**James R. DAVIS, Davis Duplexes, Inc., a Mississippi corporation, James E. Davis and Davis Apartments, a partnership, Defendants.**

**Civ. A. No. WC82–96–WK–P.**

United States District Court,
N.D. Mississippi, W.D.

Aug. 25, 1983.

Dan W. Webb, S. Allan Alexander, Oxford, Miss., for plaintiff.

Edwin H. Roberts, Jr., Oxford, Miss., for defendants.

## MEMORANDUM OPINION

KEADY, District Judge.

In this 42 U.S.C. § 1983 action, plaintiff, Debra Lomax, sues defendants, James E. Davis, James R. Davis, Davis Duplexes, Inc., and Davis Apartments, for malicious

and false arrest and malicious prosecution of plaintiff for possession of certain controlled substances or illegal drugs. The Court has before it defendants' motion to dismiss or in the alternative for summary judgment.

■ 42 U.S.C. § 1983 provides a remedy at law or in equity to any person for infringement of his civil rights by one who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia. . . ." *Id.* The requirement that the defendant act under color of state law has prompted a plethora of decisions attempting to define this simple phrase. One area of confusion concerns actions against private individuals who allegedly violate another's civil rights by acting pursuant to state statutes, regulations or customs. *See, e.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142, 151 (1970) (private person discriminating pursuant to state-enforced custom); *Folsom Investment Co., Inc. v. Moore,* 681 F.2d 1032 (5th Cir.1982) (private parties setting in motion allegedly unconstitutional attachment law). Without the requisite action under color of state law, federal courts lack jurisdiction to hear petitions for violation of civil rights and redress of the resulting tort rests with state courts. *Dinwiddie v. Brown,* 230 F.2d 465 (5th Cir.), *cert. denied,* 351 U.S. 971, 76 S.Ct. 1041, 100 L.Ed. 1490, *rehearing denied,* 352 U.S. 861, 77 S.Ct. 29, 1 L.Ed.2d 72 (1956).

In the case *sub judice,* plaintiff alleges that defendants planted illegal drugs in plaintiff's apartment and *subsequently revealed the location of those drugs to the Sheriff of Lafayette County, Mississippi,* in the guise of a confidential informant. Plaintiff does not allege any wrongdoing by the sheriff's office or that the statutes or customs pursuant to which the sheriff's office acted were unconstitutional. In order to meet the jurisdictional prerequisite of action under color of state law, plaintiff merely alleges defendants "enlist[ed] joint participation by the state . . . " by revealing

the location of the drugs to the sheriff. (Amended Complaint, 6).

The question presented on this motion is whether private persons who enlist the unwitting cooperation of state officials acting pursuant to a scheme not itself alleged to be in violation of the Constitution, are acting under color of state law. We answer in the negative.

Our analysis begins with a discussion of *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed. 482 (1982). In *Lugar,* plaintiff filed suit under § 1983 alleging certain creditors acted in concert with state officials in obtaining a writ of attachment pursuant to an allegedly unconstitutional state statute. *Id.* at 924, 102 S.Ct. at 2747, 73 L.Ed.2d at 487. Holding that this complaint stated a cause of action under § 1983, the Court set out a two-part test to determine whether the deprivation of a federal right is fairly attributable to the state:

First, the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Id.* at 936, 102 S.Ct. at 2754, 73 L.Ed.2d at 495. Applying this test to the complaint, the *Lugar* court dismissed one count of the complaint and sustained another on the basis of a distinction which is dispositive of the case at bar.

Count one of plaintiff's complaint in *Lugar* challenged the constitutionality of the state attachment statute while count two challenged its alleged abuse by private citizens. *Id.* at 939, 102 S.Ct. at 2755–56, 73 L.Ed.2d at 497–98. Dismissing count two for failure to state a cause of action under § 1983, the court held:

While private misuse of a state statute does not describe conduct that can be attributed to the state, the procedural scheme created by the statute obviously is the product of state action. This is subject to constitutional restraints and

properly may be addressed in a § 1983 action. . . .

*Id.* at 940, 102 S.Ct. at 2756, 73 L.Ed.2d at 498.

In *Folsom Investment Co., Inc. v. Moore,* 681 F.2d 1032 (5th Cir.1981), the Fifth Circuit relied on *Lugar* for the proposition that:

> when a § 1983 plaintiff challenges the constitutionality of a state attachment procedure, as opposed to making mere nonconstitutional allegations of misuse or abuse of the statute, the private party who sets that attachment scheme in motion is to be considered a state actor. [citation omitted] Thus, insofar as [plaintiffs] have alleged that the Louisiana attachment scheme is violative of the Constitution, the private parties who set that scheme in motion acted under color of state law.

*Id.* at 1037. The same is true of any state statute or procedure used by a private party to deprive an individual of his civil rights. *See, e.g., Taylor v. Gilmartin,* 686 F.2d 1346, 1355 (10th Cir.1982) (appointment of guardian); *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.,* 673 F.2d 771, 772 (5th Cir.1982) (criminal prosecution).

■ Even prior to the Supreme Court's decision in *Lugar,* the Fifth Circuit had held that if state officers conspire with private persons to deprive a plaintiff of civil rights such actions by the private persons would be acting under color of state law. "It is another matter, however, where they act wholly within their official responsibilities and do not intentionally cooperate in any fraudulent scheme. In such a case, the tort is solely that of the private individuals, and redress of the wrong rests with the state courts." *Dinwiddie v. Brown,* 230 F.2d 465, 469 (5th Cir.1956), *citing Collins v. Hardyman,* 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). Thus, it is manifestly clear that either knowing collusion with a private person in a fraudulent, illegal scheme by state officials or the use of an allegedly unconstitutional statute or procedure is necessary for the actions of a private person to fairly be attributable to the state. Without

such state action, no claim is stated under § 1983 and the suit must be dismissed. *See also Taylor v. Gilmartin,* 686 F.2d 1346, 1355 (10th Cir.1982) (use of state court to obtain appointment of guardian for purpose of religious deprogramming insufficient for state action since court unwittingly used and was not conspirator); *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.,* 673 F.2d 771, 772 (5th Cir.1982) (police officer's reliance upon information provided by citizens who witnessed shoplifting does not convert informants into state actors for purposes of state action); *Taylor v. Nichols,* 558 F.2d 561, 564 (10th Cir.1977) (private person who initiates criminal assault prosecution not acting under color of state law); *Grow v. Fisher,* 523 F.2d 875, 879 (7th Cir. 1975) (private persons who were complainants and witnesses in criminal action not acting under color of law); *Davis v. Carson Pirie Scott & Co.,* 530 F.Supp. 799, 801–02 (N.D.Ill.1982) (practice of police investigation following private complaints does not make private complainant state actor); *Weisman v. Sherry,* 514 F.Supp. 728, 733–34 (M.D.Pa.1981) (filing of private criminal complaint pursuant to state rule of criminal procedure does not make complainant state actor).

■ In the case *sub judice,* defendants allegedly abused the criminal arrest and investigatorial process provided by state law and custom. No allegation is made that either the sheriff's office knowingly participated in the abuse of process or that the arrest and investigation procedure itself is unconstitutional. In fact, plaintiff admits that following an independent investigation by the sheriff, he determined plaintiff had been "set up" and no charges were brought as a result of the search. Since the only state officials even mentioned in the complaint actually cleared plaintiff of wrongdoing, it cannot be contested that those officials were in no way involved in defendants' scheme to deprive plaintiff of her civil rights. Thus, defendants' actions cannot fairly be attributed to the state and

plaintiff's action must be dismissed for failure to state a claim under § 1983.

Let an order issue accordingly.