Nicole ANDERSON, et al., Plaintiffs,

v.

RANDALL PARK MALL CORPORATION, Defendant.

Civ. A. No. C81–2484.

United States District Court, N.D. Ohio, E.D.

Sept. 29, 1983.

Tyrone E. Reed, Reed, Howard & Anderson, Cleveland, Ohio, for plaintiffs.

Timothy T. Reid, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is defendant's Motion for Summary Judgment. Upon due consideration and for the reasons stated below, defendant's motion is granted.

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, based on alleged violations of 42 U.S.C. § 1983.

### FACTS

The relevant facts, gleaned from the parties' responses to interrogatories, and plaintiff's deposition, are not in dispute. This action arises from an afternoon incident at the Randall Park Mall, which involved plaintiff, Nicole Anderson, a teen-age girl, and private security guards employed by defendant Randall Park Mall Corporation ("Randall Park").

Anderson attended a show with several other teen-age friends at the Randall Park Mall. After the show the group of young people met in the Mall and arranged to take a bus home. As they gathered, they were walking fast and talking loudly, which created a commotion, as admitted in Anderson's deposition, at pp. 13–15. Randall Park's security guards had warned some of the group to "quiet down" twice by the time Anderson joined the group. Soon thereafter, two security guards asked her to leave the Mall because of the disturbance she and the others were creating. The guards told Anderson that she had been warned about her behavior previously. Anderson vociferously disputed this point and refused to leave.

Randall Park's guard then advised Anderson that the Mall was private property and that she was loitering. The guard asked Anderson to leave two more times and advised her that if she refused to do so, she would be arrested. Anderson continued to dispute the correctness of the guard's assertions that they had warned her previously and, although the guards repeated their admonition that she was loitering on private property and must leave, Anderson still stubbornly refused to leave. She was then handcuffed by the security guards and taken to the security headquarters at the Mall. Anderson spent approximately fifteen minutes in the detention room and was then released without being charged.

Anderson herself admits that the actions of the security guards were not racially motivated. Deposition at pp. 69–71.

Anderson filed suit in this Court alleging that her civil rights were violated by Ran-

dall Park under color of state law, in contravention of the Fourteenth Amendment and 42 U.S.C. § 1983. Randall Park denies these allegations and moves for summary judgment.

## CONCLUSIONS OF LAW

■ To maintain an action under 42 U.S.C. § 1983, a party must establish two elements: 1) the deprivation of a right or privilege secured by the Constitution and laws of the United States, and 2) that the deprivation occurred under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Adickes v. S.H. Kress and Company*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). In the instant case, Anderson can do neither.

### A. Color of State Law

■ The activities at issue occurred on private property belonging to the Randall Park Mall Corporation, the operator of a shopping center. In a number of cases involving activities at shopping centers, the Supreme Court has analyzed at what point a private facility becomes a public governmentally supervised facility for purposes of state action. *See, Marsh v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946); *Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc.*, 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968); *Lloyd Corp. v. Tanner*, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972); *Hudgens v. NLRB*, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976). Synthesizing the above cases, the Supreme Court held that, simply because a large shopping center is open to the public and has been dedicated to certain types of public use, the Constitutional limitations imposed on the states by the Fourteenth Amendment do not necessarily apply to the owners of private property. *Hudgens v. NLRB, supra* at 519, 96 S.Ct. at 1036. Crucial to this determination, however, is the question of whether the private

property is used in a non-discriminatory fashion. *Id.* It is clear that, when racial discrimination is involved, even *de minimis* state action may be sufficient to bring the challenged activities within the scope of § 1983. *See, e.g., Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Hence, while it is clear that the Supreme Court does not consider a shopping center the functional equivalent of a public municipal facility (*Hudgens, supra*.)[1]; and that therefore traditional constitutional protections for purposes of the Fourteenth Amendment and § 1983 do not attach to activities conducted in shopping centers, *Curtis v. Rosso & Mastracco, Inc.*, 413 F.Supp. 804, 807 (E.D.Va. 1976), this Court cannot totally reject the state action claim until it considers Anderson's allegation that she was discriminated against on the basis of race.

Although the complaint alleges that Anderson was discriminated against on the basis of her race, her own testimony at deposition indicates otherwise. At page 71 of her deposition, Anderson specifically replies in the negative when asked whether she felt that the security guards' actions were racially motivated. Rather, she suggests a different motive for their behavior: a desire to control the noisy commotion created by the group of friends with Anderson in the Mall. Clearly, the facts of the case do not support even the inference of racial discrimination.

Anderson claims that the involvement of the security guards is adequate to constitute state action for purposes of § 1983. This Court cannot agree. Anderson's allegations that the security guards acted under color of state law by virtue of 1) their state licensing and 2) their authority to detain shoplifters, is not well taken. In *White v. Scrivner Corporation*, 594 F.2d 140 (5th Cir.1979), the Fifth Circuit held that state action could not be found when store employees, acting pursuant to a state statute, detained a suspected shoplifter. Rath-

---

[1] This case is clearly distinguishable from *Marsh v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946), the seminal decision on circumstances which justify treating private property as if it were public. *Marsh* permits such treatment when the private property has taken on all the attributes of a municipality's property. *See, Flagg Brothers, supra.*

er, to establish state action, Anderson must show a plan or customary and preexisting arrangement between the police and the defendant Mall. *Hernandez v. Schwegmann Brothers Giant Supermarkets,* 673 F.2d 771, 772 (5th Cir.1982), *White v. Scrivner, supra* at 143. In the instant case, there is not a scintilla of evidence to link the Mall's actions to a preexisting plan or arrangement with any police department. Indeed, Anderson was not placed in police custody, nor were police ever called. There was absolutely no police action.

Anderson further raises the spectre of an inapplicable Ohio statute to support a contention of state action. She cites O.R.C. 2935.04, which pertains, in part, to shoplifters. Clearly, shoplifting was never an issue here, where the security guards' only concern was crowd control. If an Ohio statute could be in issue here, it might arguably be O.R.C. 2911.21, regarding criminal trespass. If either of these statutes are applicable, the Mall security guards' reliance on them cannot be extrapolated to the level of constituting state action. The Supreme Court has held that a state is responsible for the act of a private party when the state, by its law, has compelled the act. *Flagg Brothers, Inc. v. Brooks, supra,* (quoting *Adickes v. S.H. Kress, supra* 398 U.S. at 170, 90 S.Ct. at 1615). "[The Supreme] Court however, has never held that a State's mere acquiescence in a private action converts that action into that of the State." *Flagg Brothers, supra* 436 U.S. at 164, 98 S.Ct. at 1737. Absent some compulsion or some overt involvement, no state action can be found merely because of the existence of a statute. *Id.* Clearly, state action cannot be found where, as here, the Ohio statutes do not compel detention of trespassers or shoplifters, but merely authorize and acquiesce in certain procedures for detention if a private party elects to do so. Anderson's reliance on O.R.C. 2935.04 to support her claim of state action must fall in light of *Flagg Brothers, supra.*

**B.** *Deprivation of Rights*

 Having concluded that Anderson's suit must be dismissed for want of any state action, this Court need not inquire further. However, *arguendo,* this Court will briefly consider whether Anderson has alleged a violation of her rights adequate to satisfy the "constitutional deprivation" element of the two-prong test for § 1983 actions under *Adickes v. S.H. Kress, supra.*

By her own admissions at deposition, Anderson has eliminated racial discrimination as an alleged violation. The only remaining deprivation might be the restriction placed on her ability to move about freely in a public place which is privately owned. However, "... some ephemeral freedom of autonomy in public places" does not constitute a constitutional right which can be protected in the context of a § 1983 action. *Curtis v. Rosso & Mastracco, Inc., supra* at 807. Therefore, absent some impermissible conduct such as racial discrimination, the security guards' confrontation with and detention of Anderson in an effort to maintain order in the Mall cannot form the basis of Anderson's § 1983 claim.

Randall Park Mall's Motion for Summary Judgment must be granted and the action dismissed.

IT IS SO ORDERED.