John A. DIULUS and Theresa Diulus, his wife, Plaintiffs,

v.

CHURCHILL VALLEY COUNTRY CLUB, a corporation; Merle L. DeLuca, President; Joseph F. DiMario, Vice President; Charles V. Hoey, Secretary; Charles R. Denovi, Treasurer of Churchill Valley Country Club, and its Board of Directors comprised of Vincent A. Amore; Victor A. Dinzeo; Joseph G. Palumbo; Frank P. Rezzetano, Jr.; Robert P. Shovel; William L. Wardle, Jr. and Peter C. Dozzi, Ex-Officio, Defendants.

Civ. A. No. 84–905.

United States District Court, W.D. Pennsylvania.

Jan. 23, 1985.

Allen N. Brunwasser, Pittsburgh, Pa., for plaintiffs.

Michael J. Manzo, Pittsburgh, Pa., for defendants.

## OPINION

COHILL, District Judge.

The Complaint in this case was filed by Plaintiffs alleging that their constitutional rights were violated by Defendants' conduct in ongoing state court litigation. The Defendants in this action are Churchill Valley Country Club, its officers and directors (hereinafter "Churchill"). Plaintiffs allege claims pursuant to 42 U.S.C. §§ 1981, 1983 and 1985. Defendants filed a Motion to Dismiss; Plaintiffs responded with a Motion to Amend the Complaint pursuant to Fed.R.Civ.P. 15(a). Since we find the amended complaint fails to state a cause of action, we will deny Plaintiffs' Motion to Amend and will dismiss the case.

*Facts*

Plaintiffs filed several actions against Churchill in the Court of Common Pleas of Allegheny County as a result of Plaintiff John Diulus' expulsion from Churchill Valley Country Club. Plaintiffs' Complaint in this Court arises out of preliminary objections filed by Churchill in the Court of Common Pleas.

Plaintiffs allege, in the original Complaint filed in this Court, that Churchill, acting through its attorney in the state court proceedings, 1) filed the preliminary objections knowing the identity of the judge who would be scheduled to hear the motion, and knowing that the judge was a member of Churchill Valley Country Club. Complaint, ¶¶ 5–9. The Complaint further alleges that Defendants refused to consent to having the matter reassigned to another judge. *Id.* ¶¶ 10–14. Plaintiffs then petitioned the President Judge to excuse the judge in question; that judge agreed to his removal from the case. *Id.* ¶¶ 12, 17.

The gravamen of the Complaint is that, in filing the preliminary objections and then refusing to consent to reassignment, Defendants allegedly intended to deprive Plaintiffs of their right to a fair trial. *Id.* ¶ 15.

The proposed amendments to Plaintiffs' complaint further allege that, 1) the motions control clerk and the motions judge of the state court were state officers and, as such, acted under color of state law; Amendment to Complaint, ¶ 35; 2) the method and procedure by which preliminary objections must be filed and scheduled for argument in state court is controlled by specific local rule, *id.* ¶¶ 26–27, 36; 3) that the state procedures allowed Defendants to select an allegedly biased judge, *id.* ¶ 34; and 4) in listing Defendants' preliminary

objections for argument, pursuant to court rule, the motions control clerk acted jointly with Defendants. *Id.* ¶¶ 37–39.

*Discussion*

■■■■ The grant or denial of a motion to amend a Complaint pursuant to Fed.R. Civ.P. 15(a) is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.1983); *cert. denied*, — U.S. —, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983).

### A. *The § 1983 Claim*

■■■■ The elements of a cause of action brought under 42 U.S.C. § 1983 are 1) deprivation of a constitutional right or privilege; and 2) action under color of state law. *See Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). The original Complaint wholly fails to allege any action under color of state law, an essential element of Plaintiffs' action under § 1983. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978). The proposed amendment to the Complaint attempts to cure the defect by alleging that "Defendants acted together and jointly with the Motions Control Clerk ... to list Defendants' preliminary objections before Judge Silvestri and deprive Plaintiffs of due process of law and the right to an impartial decisionmaker." Complaint, ¶ 37. The Complaint further alleges that the Motions Control Clerk acted as a "rubber stamp" by "exercis[ing] no independent judgment but serv[ing] as a mere conduit or tool for the Defendants ..." *Id.*, ¶ 38.

First, inasmuch as Plaintiffs assert that "state action" exists "by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prod-*

*ucts Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983) (citing *Clulow v. Oklahoma*, 700 F.2d 1291, 1303, *overruled on other grounds sub nom. Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984), *cert. granted*, — U.S. —, 105 S.Ct. 79, 83 L.Ed.2d 28 (1984)). No facts have been alleged to show that the Motions Control Clerk agreed with the private conspirators or "acted in concert" with them. *See Cruz v. Donnelly*, 727 F.2d 79 (3d Cir.1984); *Chicarelli v. Plymouth Garden Apts.*, 551 F.Supp. 532, 539 (E.D.Pa.1982).

Plaintiffs cite *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) and *Cruz v. Donnelly*, 727 F.2d 79 (3d Cir.1984) for the proposition that, by alleging joint activity between Churchill and a "rubber stamp" state official, they have satisfied the requirement of alleging action "under color of state law."

In *Lugar*, the Supreme Court set forth a two-pronged test for determining when private action is "fairly attributable" to the state.:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Lugar*, 457 U.S. at 937, 102 S.Ct. at 2754, 73 L.Ed.2d at 495.

In *Lugar*, a debtor filed an action under § 1983 against a creditor who had caused the debtor's property to be attached pursuant to a Virginia statute permitting prejudgment attachment. The attachment procedure required only that the creditor

allege, in an *ex parte* petition, a belief that the debtor was disposing of his assets in order to defeat his creditors. Acting on the creditor's petition, a clerk of the state court issued a writ of attachment. The writ was executed by the county sheriff and the debtor's property was sequestered. *Id.* at 924–25, 102 S.Ct. at 2747–48, 73 L.Ed.2d at 487.

The debtor's complaint alleged that he had been deprived of his property without due process by 1) misuse of the Virginia attachment procedure; and 2) constitutional defects in the procedure itself. *Id.* at 925, 102 S.Ct. at 2748, 73 L.Ed.2d at 487–88. The district court dismissed on the ground that the alleged actions of the creditors did not constitute state action. The Court of Appeals affirmed on that basis. *Id.* at 925–26, 102 S.Ct. at 2748–49, 73 L.Ed.2d at 488.

The Supreme Court held that insofar as the complaint challenged the constitutionality of Virginia's prejudgment attachment statute itself, the joint participation between state officials and the defendant creditor was sufficient to satisfy the requirements of state action and action under color of state law. *Id.* at 940–42, 102 S.Ct. at 2756–57, 73 L.Ed.2d at 497–98. The Court also held, however, that insofar as the debtor had alleged only a private misuse of the state statute, no cause of action was stated under § 1983. *Id.* at 940, 942, 102 S.Ct. at 2756, 2757, 73 L.Ed.2d at 497, 499. Of particular significance to this case is the fact that all nine justices in *Lugar* agreed that a private party's "mere invocation of state legal procedures" does not constitute joint participation or conspiracy satisfying the § 1983 requirement of action under color of state law. *See id.* at 939 n. 21, 943, 951 n. 8, 102 S.Ct. at 2755 n. 21; 2757, 2762 n. 8. Numerous other courts have likewise so held. *See Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir.1983); *Taylor v. Gilmartin,* 686 F.2d 1346, 1355 (10th Cir.1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983); *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.,* 673 F.2d 771, 772 (5th Cir.1982); *Taylor v. Nichols,* 558 F.2d 561,

564 (10th Cir.1977); *Grow v. Fisher,* 523 F.2d 875, 879 (7th Cir.1975); *Anderson v. Glismann,* 577 F.Supp. 1506 (D.Colo.1984); *Lomax v. Davis,* 571 F.Supp. 805, 807 (N.D. Miss.1983); *Rosquist v. Jarrat Construction Corp.,* 570 F.Supp. 1206, 1211 (D.N.J. 1983); *Weisman v. Sherry,* 514 F.Supp. 728, 733–34 (M.D.Pa.1981).

Since we find the conduct alleged by Plaintiffs cannot be "fairly attributable to the state," the Complaint, as amended, fails to state a cause of action.

### B. *The § 1981 Claim*

42 U.S.C. § 1981 grants to all persons within the United States "the same right ... to make and enforce contracts ... as is enjoyed by white citizens...." While § 1981 has been held to prohibit discrimination on the basis of race, *see McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); courts have held that the statute does not extend to other forms of discrimination. *See Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976) (§ 1981 not applicable to discrimination based on religion), *Woods v. New York,* 469 F.Supp. 1127 (S.D.N.Y.), *aff'd,* 614 F.2d 1293 (2d Cir.1979) (national origin); *National Ass'n of Gov't Employees v. Rumsfeld,* 413 F.Supp. 1224 (D.D.C.1976), *aff'd,* 556 F.2d 76 (D.C.Cir.1977) (same); *Petrone v. City of Reading,* 541 F.Supp. 735 (E.D. Pa.1982); *Vuksta v. Bethlehem Steel Corp.,* 540 F.Supp. 1276, 1281 (E.D.Pa. 1982), *aff'd,* 707 F.2d 1405 (3d Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 121, 78 L.Ed.2d 119 (1983); *Boddorff v. Publicker Indus.,* 488 F.Supp. 1107, 1109 (E.D.Pa. 1980); *Vera v. Bethlehem Steel Corp.,* 448 F.Supp. 610, 613 (M.D.Pa.1978); *Jones v. United Gas Improvement Corp.,* 68 F.R.D. 1, 15 (E.D.Pa.1975).

■ Since Plaintiffs have alleged no discrimination on account of race, we will dismiss the claim under § 1981.

### C. *The § 1985 Claim*

■ Section 1985 contains three major subsections. Plaintiffs have failed to iden-

tify which subsection they invoke; we hold, however, that Plaintiffs have failed to state a claim under any of its provisions.

Section 1985(1), by its terms, proscribes only conspiracies which interfere with the performance of official duties by federal officers. *Kush v. Rutledge,* 460 U.S. 719, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983). Since Plaintiffs' Complaint indicates no action by any federal officer, we must dismiss any claim under § 1985(1).

The first part of § 1985(2) proscribes conspiracies to intimidate or retaliate against parties, jurors, or witnesses in federal court proceedings. 42 . U.S.C. § 1985(2). We find no allegation addressed to any such actions.

The second clause of § 1985(2) and § 1985(3) prohibit conspiracies designed to deprive persons of equal protection of the law. The Supreme Court has held that a requisite element of both sections is class-based, invidiously discriminatory animus. *See United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (§ 1985(3)); *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) (§ 1985(3)). *See also Kush v. Rutledge,* 460 U.S. 719, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983) (§ 1985(2)). Courts in this circuit have uniformly required allegations and proof of class-based animus in evaluating claims based on § 1985(3) and the second part of § 1985(2). *See Jennings v. Shuman,* 567 F.2d 1213, 1221 (3d Cir. 1977); *Schnabel v. Building & Construction Trades Council,* 563 F.Supp. 1030, 1039 (E.D.Pa.1983); *People ex rel. Snead v. Kirkland,* 462 F.Supp. 914, 920 (E.D.Pa. 1978).

In addition, courts have held that the necessary class-based discrimination must be based upon immutable characteristics, such as race or gender. *See, e.g. United Brotherhood of Carpenters,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (non-union employees not protected class for purposes of § 1985(3)); *Carchman v. Korman Corp.,* 594 F.2d 354, 356 (3d Cir.) (tenant organizers not protected class),

*cert. denied,* 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979); *Three Rivers Cablevision, Inc. v. City of Pittsburgh,* 502 F.Supp. 1118, 1133–34 (W.D.Pa.1980) (no allegation of immutable characteristic; dismissal of § 1985(3) claim).

In the absence of any allegations that Plaintiffs are members of a protected class or that Defendants' alleged conduct was motivated by class-based animus, we find the allegations insufficient to state claims based on § 1985(3) or the second part of § 1985(2).

Finally, we find that Defendants' Complaint, taking the allegations as true, describes nothing more than conduct based on personal animosity. Such conduct does not state a claim under § 1985. *Duff v. Sherlock,* 432 F.Supp. 423, 429 (E.D.Pa. 1977).

*Conclusion*

Having determined that the amended complaint would not withstand a motion to dismiss, we will deny Plaintiffs' Motion to Amend, and grant Defendants' Motion to Dismiss the Complaint, with prejudice. An appropriate order will follow.