**Gaylen E. SMITH**

v.

**CITY OF GRETNA POLICE DEPARTMENT, Beauregard H. Miller, Jr., a.k.a. B.H. Miller, Jr., Chief of Police, Claude "Joey" Istre, Junius R. Rogers, a.k.a. J.R. Rogers, Edward J. Tourelle, and Ray Brandt Dodge, Inc.**

No. Civ.A. 99–2957.

United States District Court, E.D. Louisiana.

April 26, 2001.

James A. McPherson, Mary E. Schillesci, McPherson & Schillesci, New Orleans, LA, for Gaylen E. Smith.

Walter J. LeBlanc, Jr., Molaison & LeBlanc, Gretna, LA, for City of Gretna Police Dept., Claude Joey Istre, Junius R. Rogers, Beauregard H. Miller, Jr.

Jeffrey Kent Warwick, Michael Joseph Gautier, LeBlanc, Miranda, Warwick & Milazzo, Metairie, LA, for Ray Brandt Dodge, Inc.

BERRIGAN, District Judge.

On April 25, 2001, the Court heard oral argument on the motions for summary judgment of the City of Gretna Police Department, Beauregard H. Miller, Jr., Claude "Joey" Istre and Junius R. Rogers (collectively "Public Defendants") (Rec. Doc. 40) and of Ray Brandt Dodge, Inc. ("Dodge") (Rec.Doc. 41).[1] After reviewing the arguments of counsel, the record and the applicable law, IT IS ORDERED that the Motions for Summary Judgment are hereby GRANTED, and Plaintiff's case is hereby DISMISSED WITH PREJUDICE with regard to ALL DEFENDANTS.[2]

*Standard of Review*

A district court can grant a motion for summary judgment only when the " 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). The court must find "[a] factual dispute ... [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Som-*

---

1. Also noticed for hearing were numerous motions in limine. At the time of the hearing, the Motion to Strike Experts (Rec.Doc. 32) and the Motion to Strike Witness Testimony (Rec.Doc. 44) had been amicably resolved. With regard to the Motion to Strike Evidence of Other Legal Proceedings (Rec.Doc. 43), the parties only disputed whether reference to the bankruptcy proceeding of Mr. Tourelle and the related adversary proceeding brought against Tourelle by Plaintiff were admissible. In light of the Court's rulings below, any pending motions in limine are hereby DISMISSED AS MOOT.

2. Dodge's defense rests on the argument that the actions of the private individuals in this dispute, and in particular, those of Edward Tourelle, do not satisfy the "under color of law" requirement necessary for liability under 42 U.S.C. § 1983. Therefore, in granting Dodge's motion for summary judgment, the Court finds that the claims against Tourelle must be dismissed as well. Although Dodge's counsel conceded that he was not formally representing Mr. Tourelle for the purposes of this hearing, he acknowledged that the substance of his motion also spoke to the issue of whether Plaintiff could recover from Tourelle under § 1983 for the events forming the basis of this lawsuit.

*erset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

■■■■ "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322—24, 106 S.Ct. 2548, and Fed.R.Civ.P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249—50, 106 S.Ct. 2505 (citations omitted).

*Background*

On September 29, 1998, at approximately 12:15 a.m., Plaintiff was driving a 1998 Dodge Stratus which belonged to his employer, Ray Brandt Dodge, Inc., on Stumpf Boulevard within the City of Gretna.[3] When Officer Istre observed the Plaintiff drive by, the vehicle did not appear to have a valid inspection sticker/brake tag.[4] In addition, the vehicle bore no visible Louisiana license plate.[5] The car did, in fact, have a temporary dealer license plate, but the plate had fallen out of view and was lying in the rear seat of the vehicle.[6] Plaintiff has not refuted Officer Istre's claim that the car did not have a valid inspection sticker/brake tag, and has offered no evidence regarding the visibility of the temporary license plate.[7] Plaintiff alleges that once he was pulled over, Officer Istre asked him to whom the car he was driving belonged, where he lived, whether he had any drugs or weapons in the car, and, when Plaintiff asked the officer why he had been pulled over, Officer Istre allegedly responded by saying, "You shouldn't be worrying about that.... You should be worrying about who ... gave

---

3. The Public Defendants have argued that Plaintiff was driving his vehicle in violation of the emergency curfew, which had been placed in effect by the City in response to the threat of Hurricane Georges. *See* Public Defendants' Motion Exh. A. In his Opposition, Plaintiff maintained that the curfew had been lifted in Jefferson Parish as of 12:30 p.m. on September 28, 2001. *See* Plaintiff's Opposition to Public Defendant's Motion, Exh. C. However, at oral argument, counsel for the City emphasized that the fact that the curfew in Jefferson Parish had been lifted was irrelevant to the issue of whether the *City of Gretna* had lifted *its* curfew. If the purported curfew violation had been the only basis given by Officer Istre for pulling over the Plaintiff, the Court would be inclined to find a disputed issue of material fact that would preclude summary judgment. However, because there was another objective reason for the stop regarding the license plate, about which there are no disputed issues of material fact, summary judgment is appropriate at this time. *See* discussion *infra.*

4. *See* Public Defendants' Motion, Exh. B (Istre Affidavit).

5. *See id.*

6. *See id.*

7. The Court thoroughly reviewed both of Plaintiff's depositions for any statements that would call these representations made by Officer Istre in his affidavit into question. All Plaintiff stated in his deposition regarding these points was that he didn't remember whether the vehicle had a brake tag, that the vehicle had a temporary dealer license plate (but not whether it was visible), and that he had no proof of registration for the car. *See* Plaintiff's Opposition to Public Defendant's Motion, Exh. C at 34 (hereinafter "September 2000 Deposition"); *See also* Private Defendant's Motion, Exh. A at 18 (hereinafter "January 2001 Deposition").

you permission to take this car."[8] Plaintiff maintains that he had proof of insurance that the dealership provided to employees driving company cars,[9] but that the Officer never asked for this documentation.

At the time of the stop, Officer Istre attempted to verify whether Plaintiff was, in fact, driving the car with the permission of his employer. Plaintiff told the officer that Joe Murray or Ishman Boles could confirm that he had permission to drive the car,[10] but Officer Istre instead contacted another police officer and obtained from him the name of a contact at the Dodge dealership with whom that police had worked in the past.[11] This contact was Mr. Tourelle. Tourelle appeared at the scene and told Officer Istre that Plaintiff did not have permission to drive the car, and that he wanted to press charges against him. Plaintiff contends that Tourelle and Officer Istre conspired to violate his constitutional rights, noting that the officer told him "you're going to jail tonight"[12] and that, when Plaintiff asked Tourelle to call either Murray or Boles, Tourelle said "No, you're not worth it. You're going to jail tonight."[13]

*Analysis*

██ The Court finds it plausible that the reason why Defendant was *actually* pulled over was that he was a black man driving an expensive new car—the phenomenon known as "driving while black."[14] However, well-established case law instructs that the subjective intent of the police officer when making a stop is irrelevant if in fact there existed an objectively reasonable basis for pulling the individual over. As the Fifth Circuit recently ruled in *United States v. Escalante:*

> The traffic stop may have been pretextual. But under *Whren v. United States,* a traffic stop, even if pretextual, does not violate the Fourth Amendment if the officer making the stop has "probable cause to believe that a traffic violation has occurred." This is an objective test based on the facts known to the officer at the time of the stop, not on the motivations of the officer in making the stop. On the other hand, if it is clear that what the police observed did not constitute a violation of the cited traffic law, there is no "objective basis" for the stop, and the stop is illegal.

239 F.3d 678, 680—81 (5th Cir.2001) (citing *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)).

██ The undisputed facts of this case reveal that the police officer observed that the vehicle driven by Plaintiff lacked an inspection sticker/ brake tag,[15] and a valid Louisiana license plate.[16] Therefore,

8. September 2000 Deposition at 34—40, 56

9. *See id.* at 34.

10. *See id.* at 41—42; *see also* January 2001 Deposition at 40—43.

11. This information came to the attention of the Court during oral argument.

12. 2000 Deposition at 40.

13. *Id.* at 41—42.

14. *See, e.g.,* Angie Cannon, *DWB: Driving While Black—Motorists Are Fighting Back*

*Against Unfair Stops and Searches,* U.S. News & World Report, Mar. 15, 1999, *available at* 1999 WL 8432421.

15. *See* La. R.S. 32:53(D) ("No person shall drive a vehicle upon highways within this state, or permit or allow any vehicle owned by him or under his control to be driven on said highways, unless and until such vehicle bears an inspection tag showing it to have been inspected and approved as required by the provisions of R.S. 32:1301–32:1310, if such vehicle is required to be so inspected.").

16. *See* La. R.S. 47:507 (requirement that valid license plate be displayed at rear of vehicle).

based on these objective factors, the stop was permissible. After the stop was made, Officer Istre was entitled to ask for proof of registration and insurance. Upon learning that the Plaintiff was driving a vehicle with dealer plates, ostensibly with the permission of the car dealer, the officer was also entitled to verify whether Plaintiff was authorized to operate this car.[17] Officer Istre was not required to call the individuals identified by Plaintiff as the only ones who could verify his story. Once Tourelle, an agent and representative of the Dodge dealership, told the officer that Plaintiff did not have permission to drive the car and that he wanted to press charges, the officer acted within his proper authority by placing Plaintiff under arrest. For all of these reasons, the Court finds that Officer Istre did not violate any constitutional rights of the Plaintiff.[18]

At oral argument, Plaintiff conceded that the only basis for his federal claim against Tourelle arises from the allegation that Tourelle acted under color of state law by conspiring with Officer Istre to violate his constitutional rights. Having found no constitutional violation resulting from Officer Istre's actions, the Court finds that the claims against Tourelle must also fail. The filing of a criminal complaint is insufficient to transform a private individual into a state actor for purposes of § 1983 liability. *See Hernandez v. Schwegmann Bros. Giant Supermarkets*, 673 F.2d 771, 772 (5th Cir.1982). Likewise, the federal claims against Dodge for actions taken by its purported agent and representative must also be dismissed, because Tourelle was not acting under color of state law.[19]

---

17. The City also cites La. R.S. 47:505(D) to support its contention that Plaintiff's use of a dealer license plate for personal rather than professional business was unlawful. *See* La. 27 R.S. 47:505(D) ("It is unlawful for any manufacturer or dealer to use or display a dealer's plate upon any vehicle not manufactured by such manufacturer or being bona fide demonstrated, sold, purchased, or exchanged by such dealer, or to permit such a dealer's plate to be used in any manner upon the vehicle belonging to himself or his employees, associates, agents, or representatives, or upon any vehicles being operated other than as an incident to and part of the legitimate object and purpose for which such plates are issued."). Although the documentation provided by the City regarding the disposition of all of the counts against the Plaintiff is not entirely clear, Plaintiff did plead guilty to at least one of the counts for which he was stopped. *See* Appendix 1 in globo.

18. At oral argument, the Court observed that Plaintiff had not offered any evidence to support its allegations against Mr. Miller, Mr. Rogers or the City of Gretna Police Department and DISMISSED WITH PREJUDICE any claims against these Defendants. In reaching this outcome, the Court first notes that absolutely no argument or evidence was presented regarding the claims against Mr. Rogers in his individual capacity. Second, Section 1983 will not support a finding of

liability against the Chief of Police, Mr. Beauregard H. Miller, Jr., in his individual capacity under a theory of *respondeat superior*. Rather, he must have been "either personally involved in the constitutional deprivation or [there must have been] a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Casanova v. City of Brookshire*, 119 F.Supp.2d 639 (S.D.Tex.2000). Likewise, there are no allegations that the City of Gretna Police Department has a "pattern or practice" of violating constitutional rights, as to justify municipal liability, or liability against Miller and/or Rogers in their official capacities (which is effectively the same as suing the City of Gretna). *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff also does not offer any support in his opposition of the "failure to train" allegation made in his complaint. Therefore, summary judgment in favor of Rogers, Miller and the City of Gretna Police Department is merited. Likewise, the Court's determination that no violation of Plaintiff's constitutional rights occurred obviates any need to engage in an analysis of whether Officer Istre would be entitled to qualified immunity for his actions.

19. In previous motions, Dodge has disputed whether the actions of Tourelle may be attributable to the dealership. *See* Rec. Doc. 19;

## APPENDIX 1

*Conclusion*

For all the foregoing reasons, IT IS ORDERED that Defendants' Motions to

*see also* October 5, 2000 Minute Entry (denying Dodge's motion for summary judgment)

Dismiss are hereby GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE WITH REGARD TO ALL DEFENDANTS.

IT IS SO ORDERED.

(Rec.Doc. 22).

# LOUISIANA UNIFORM TRAFFIC TICKET & COMPLAINT

Case No _____ Docket No _____ Page No _____

STATE OF LOUISIANA

CITY OF GRETNA

No. **NO.129984**

In the **GRETNA** CITY } Court

COMPLAINT AFFIDAVIT

The undersigned, being duly sworn upon his oath deposes and says that

On the **29** day of **SEPT** 19 **98** at **0015** AM (PM)

Name **SMITH, GAYLIN E**

Address **6907 Lake Kenilworth WDCA**
STREET / FIRST / MIDDLE

Age **29** Birth Date **4-29-68** Race & Sex **B/M** Ht **5'9** Wt _____

Opr Lic No **7273016** State **CA** Class **E**

Employed By **RAY BRANDT DODGE**

Did unlawfully operate **DODGE** Type Veh **4-DR** Color **Red**

Veh Lic No **TEMP (DEALER)** MAKE-YEAR State _____ Year _____

Upon a public highway, namely at (Location) **1500 STUMPF**

Located in the state, parish, city, town, village aforesaid and did then and there commit the following offense

| Leading Causes of Accidents | | | | |
|---|---|---|---|---|
| SPEEDING (over limit) ( m.p.h. in m.p.h. zone) | ☐ 5-10 m.p.h | ☐ 11-15 m.p.h | ☐ over 15 m.p.h | |
| Improper LEFT TURN | ☐ No signal | ☐ Cut corner | ☐ From wrong lane | |
| Improper RIGHT TURN | ☐ No signal | ☐ into wrong lane | ☐ From wrong lane | |
| Disobeyed TRAFFIC SIGNAL (When light turned red) | ☐ Past middle intersection | ☐ Middle of intersection | ☐ Not reached intersection | |
| Disobeyed STOP SIGN | ☐ Wrong place | ☐ Walk speed | ☐ Faster | |
| | ☐ At intersection | | ☐ Wrong side of pavement | |
| Improper PASSING AND LANE USAGE | ☐ Between Traffic | ☐ On right | ☐ On hill | |
| | ☐ Lane Straddling | ☐ Wrong lane | ☐ On curve | |
| ☐ Following too closely | ☐ Failure to yield | | | |

NOT GUILTY

Other Violations:

In Violation of Section: **C.O. 14-505 D MISUSE Dealer Plate C.O. 14-506 No Regist**

☐ State Statute  ☒ Local Ordinance in such case made and provided.

PLEAD GUI

The undersigned further states that he has just and reasonable grounds to believe, and does believe, that the person named above committed the offense herein set forth, contrary to law in such case made and provided, and against the peace and dignity of the same.

Sworn to and subscribed before me **Joey Jastre**

this _____ day of _____ 19 ___

Fine. $ **0**

Cost: $ _____

NAME & TITLE **$113.00**

SIGNATURE OF COMPLAINANT

Court Appearance **29** day of **OCT** 19 **98** at **G.P.M**

In lieu of arrest, I hereby promise to appear in court at the time and place specified above. My signature does not enter a guilty plea but only promises that I will be present in court at the specified time

DEFENDANT'S SIGNATURE **Gaylin E Smith**

| Conditions that Increased Seriousness of Violation | | | | |
|---|---|---|---|---|
| SLIPPERY PAVEMENT | ☐ Rain ☐ Snow ☐ Ice | CAUSED PERSON TO DODGE ☒ Pedestrian ☐ Driver | ☐ PD ☐ PI ☐ FATAL | |
| DARKNESS | ☐ Light ☐ Fog ☐ Snow | ☐ JUST MISSED ACCIDENT | ☐ Ped ☐ Vehicle ☐ Hit Fixed Object ☐ Right Angle ☐ Head on | |
| OTHER TRAFFIC PRESENT | ☐ Cross ☐ Oncoming ☐ Pedestrian ☐ Same Direction | THE ACCIDENT | ☐ Sideswipe ☐ Rear end ☐ Run off Roadway ☐ Intersection | |
| AREA ☐ Business ☐ Industrial ☐ School ☐ Residential ☐ Rural | | | | |
| HIGHWAY TYPE ☐ 2 lane ☐ 3 lane ☐ 4 lane ☐ 4 lane divided | | | | |

NO. 129984 G

# LOUISIANA UNIFORM TRAFFIC TICKET & COMPLAINT

Case No _____ Docket No _____ Page _____

STATE OF LOUISIANA

CITY OF GRETNA                No. **NO. 129 _ 95 _**

In the _GRETNA_ CITY } Court       COMPLAINT AFFIDAVIT

The undersigned, being duly sworn upon his oath deposes and says that

On the _29_ day of _Sept_ 19 _98_ at _0015_

Name _SMITH, GAYLIN E_
_____LAST_____FIRST_____MIDDLE_____

Address _6901 Lake Kenilworth_ _Boca_
_____STREET_____CITY_____Race_____

Age _29_ Birth Date _4-29-68_ & Sex _B/M_ Ht _5'9_ Wt _172_

Opr Lic No _7273016_ State _LA_ Class _E_

Employed By _Ray Brandt Dodge_

Did unlawfully operate _Dodge_ Type Veh _4-dr_ Color _Red_

Veh Lic No _Temp (Dealer)_ State _____ Year _____

Upon a public highway, namely at (Location) _1500 Stumpf_

Located in the state, parish, (city) town, village aforesaid and did then and there commit the following offense

| Leading Causes of Accidents | | | | |
|---|---|---|---|---|
| SPEEDING (over limit) (_____ m p h. in _____ m.p h zone) | ☐ 5-10 m p.h. | ☐ 11-15 m p.b | ☐ over 15 m p h | |
| Improper LEFT TURN | ☐ No signal | ☐ Cut corner | ☐ From wrong lane | |
| Improper RIGHT TURN | ☐ No signal | ☐ Into wrong lane | ☐ From wrong lane | |
| Disobeyed TRAFFIC SIGNAL (When light turned red) | ☐ Past middle intersection | ☐ Middle of intersection | ☐ Not reached intersection | |
| Disobeyed STOP SIGN | ☐ Wrong place | ☐ Walk speed | ☐ Faster | |
| Improper PASSING AND LANE USAGE | ☐ At intersection ☐ Between Traffic ☐ Lane Straddling | ☐ Cut-in ☐ On right ☐ Wrong lane | ☐ Wrong side of pavement ☐ On hill ☐ On curve | |
| ☐ Following too closely Other Violations | ☐ Failure to yield | | | |

In Violation of Section: _G.O. (4-86) No Ins_

☐ State Statute  ☒ Local Ordinance in such case made and provided.

The undersigned further states that he has just and reasonable grounds to believe, and does believe that the person named above committed the offense herein set forth contrary to law in such case made and provided and against the peace and dignity of the same

Sworn to and subscribed before me

this _____ day of _____ 19 _____

_Joey Isme_

_____NAME & TITLE_____       SIGNATURE OF COMPLAINANT

Court Appearance _27_ day of _Oct_ 19 _98_ at _6_ M

In lieu of arrest, I hereby promise to appear in court at the time and place specified above My signature does not enter a guilty plea but only promises that I will be present in court at the specified time

DEFENDANT'S SIGNATURE _Gaylin E. Smith_ 6/5/99

| Conditions that Increase Seriousness of Violation | | CAUSED PERSON TO DODGE | PD | PI | FATAL |
|---|---|---|---|---|---|
| SLIPPERY PAVEMENT | ☐ Rain ☐ Snow ☐ Ice | | | | ☐ Ped ☐ Vehicle ☐ Fixed Object |
| DARKNESS | ☐ Night ☐ Fog ☐ Snow | ☐ Pedestrian ☐ Driver ☐ JUST MISSED ACCIDENT | | | ☐ Head on ☐ Right Angle ☐ Sideswipe |
| OTHER TRAFFIC PRESENT | ☐ Cross ☐ Oncoming ☐ Pedestrian ☐ Same Direction | | | | ☐ Rear End ☐ Ran off Roadway ☐ Intersection |
| AREA | ☐ Business ☐ Industrial ☐ School ☐ Residential ☑ Rural | | | | |
| HIGHWAY TYPE | ☐ 2 lane ☐ 3 lane ☐ 4 lane ☐ 4 lane divided | | | | |

NO. 129695

# Louisiana Department of Public Safety and Corrections
## Official Notice of Withdrawal of Vehicle Registration
### Notice of Violation

The undersigned being duly sworn upon his oath deposes and says:

On **29** day of **Sept**, 19 **98** at **0045** Hrs.

0023687 (Last) Smith, Gaylin (First) (M.I.)

## OPERATOR

Name **Smith, Gaylin E**
    (Last)    (First)    (M.I)

Address **739 CRINELL CT**

OLN **7273016** State **LA** DOB **4-29-68**

## OWNER

Name **Ray Brandt Dodge**
    (Last)    (First)    (M.I.)

Address _____

OLN _____ State ___ DOB _____

the vehicle below was operated upon a public highway (namely) at **1500**
**Stumpf** in the parish of **Jefferson**,
City or Town of **Gretna** State of Louisiana, in violation of R.S. 32:863.1,
Failure to Provide Proof of Liability Insurance and by doing so, did unlawfully operate

## VEHICLE

**98** / **Dodge** / **Stratus**
Year   Make   Model   Type

**NONE** / /

Vehicle License No.   State   Year

**1B3EJ46X0WN/45552**
Vehicle Identification No. (Required)

Vehicle Impounded (Y/**N**) _____, at

Wrecker Service

## IMPORTANT NOTICE

The owner of the vehicle listed in this Notice of Violation shall have three (3) days from the date of this notice to present proof that either liability insurance coverage or proper security was in effect at the time of issuance of this notice and to retrieve your vehicle's license plate. A $10 administrative and registration fee will be assessed for failure to comply within three (3) days. Present proof of insurance or security to the Motor Vehicles office located at:

**1900 USQUS**     **Harvey**
Address     City

SEE THE REVERSE SIDE OF THIS NOTICE FOR YOUR RIGHTS TO AN ADMINISTRATIVE HEARING AND INFORMATION REGARDING PENALTIES AND INSTRUCTIONS IN THE EVENT YOU DID NOT HAVE LIABILITY INSURANCE AT THE TIME THIS NOTICE WAS ISSUED

( ) LSP Troop ___   ( ) Sheriff   (X) City   ( ) Other ___

The undersigned authority states that he has just and reasonable grounds to believe, and does believe, that the above committed the offense herein set forth contrary to law of the State of Louisiana in such case made and provided, and against the peace and dignity of the same.

**P.O. Joey Filro**     **147**
Rank and Signature     Badge No.

Signature **Gaylin E. Smith**

SIGNATURE IS NOT AN ADMISSION OF GUILT

DPSSE 1999 (R 11/97)     DEPARTMENT'S COPY

# CITY OF GRETNA

Receipt No. 46845

Date: _____

Clerk: _____

RECEIVED FROM: _____

☐ CHECK

☐ CASH

ACCOUNT NUMBER

AMOUNT

$ _____